471 So.2d 544 (1985)
CENTURY 21 ADMIRAL's PORT, INC., a Florida Corporation, and Admiral's Port North, Inc., a Florida Corporation, Appellants,
v.
William H. WALKER, Jr. and Amerifirst Federal Savings and Loan Association, a United States Corporation, Appellees.
No. 84-299.
District Court of Appeal of Florida, Third District.
March 19, 1985.
On Rehearing July 2, 1985.
William C. Hearon, Miami, for appellants.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael J. Cappucio and Kathy M. Klock, Miami, for appellees.
*545 Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
Century 21 Admiral's Port, Inc. and Admiral's Port North, Inc. appeal dismissal of their complaint alleging negligent and fraudulent misrepresentation. We affirm on a holding that since the time for performance was left subject to future agreement, the appellants had no right to rely on the representation made. Cf. Bruce v. American Development Corp., 408 So.2d 857 (Fla. 3d DCA 1982) (real estate broker had no right to rely on prospective purchaser's statement that it was ready, willing and able to buy); Staheli v. Kauffman, 122 Ariz. 380, 595 P.2d 172 (1979) (promise too indefinite to be relied upon); Grosser v. Kandel-Iken Builders, Inc., 647 S.W.2d 911 (Mo. Ct. App. 1983) (statement too vague to support an action for fraudulent misrepresentation).
Affirmed.

ON MOTION FOR REHEARING
The only point we address on the motion for rehearing is appellants' request that we allow leave to amend their already twice-amended complaint. We refuse the request on the ground that appellants' failure to seek leave to amend prior to the dismissal with prejudice or to move for rehearing requesting leave to amend, precludes consideration of the issue for the first time on appeal. Johnson v. RCA Corp., 395 So.2d 1262 (Fla. 3d DCA 1981); Hohenberg v. Kirstein, 349 So.2d 765 (Fla. 3d DCA 1977).