647 So.2d 175 (1994)
Ruth McCALL, Appellant,
v.
ALABAMA BRUNO'S, INC., Appellee.
No. 93-936.
District Court of Appeal of Florida, First District.
June 29, 1994.
*176 Michel L. Stone, of Stone & Sutton, and Marvin A. Urquhart, Jr., Panama City, for appellant.
Thomas R. Jenkins, of Bozeman, Jenkins & Matthews, Pensacola, for appellee.
BARFIELD, Judge.
We find that summary judgment for the defendant grocery store owner, Alabama Bruno's, Inc., was inappropriate in this negligence action arising out of a slip and fall accident, because the store owner was not entitled to judgment in its favor as a matter of law.
Ruth McCall fell in the area between the aisles and the check-out lanes, where the floor had recently been cleaned by a floor cleaning service, United Maintenance (UM), using a machine that used water to scrub the floor. It is undisputed that the store was open to the public 24 hours a day every day, that UM cleaned the floors every night from about 10:00 PM to about 6:00 AM, that the cleaning machine was still operating when the accident occurred at about 6:30 AM, that UM was supposed to place "wet floor" warning signs in the area it was cleaning, and that there were no warning signs in the area immediately after the fall (from which it may reasonably be inferred that there were no warning signs in the area at the time McCall fell). The depositions indicated that there was a puddle of dirty water on the floor where McCall fell, and that store personnel knew that the cleaning machine sometimes left water behind and had several times had trouble getting UM to keep "wet floor" signs down.
The complaint alleged that the store owner failed to maintain the premises in a safe condition, failed to make the premises safe when it knew or should have known of the hazard, and failed to warn McCall of a dangerous condition of which it was aware or should have been aware. The store owner asserted, inter alia, that it was not in actual possession and control of the portion of the premises where the accident occurred, and that McCall's injuries resulted from the acts of a third party independent contractor for which it had no liability. The trial court found that "the general rules of slip and fall cases apply" and that under Schaap v. Publix Supermarkets, Inc., 579 So.2d 831 (Fla. 1st 1991),[1] "the plaintiff must prove that the *177 defendant had actual or constructive notice of the condition." It noted that motions for summary judgment should be carefully scrutinized, particularly in personal injury cases, citing Brooks v. Phillip Watts Enterprises, Inc., 560 So.2d 339 (Fla. 1st DCA), rev. denied, Phillip Watts Enterprises, Inc. v. Brooks, 567 So.2d 435 (Fla. 1990),[2] but found that there were no material facts in dispute and that the store owner was entitled to judgment as a matter of law, citing Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980).[3]
Resolution of this case turns on which rules of law apply. Florida follows the general rule that the employer of an independent contractor is not liable for the contractor's negligence because the employer has no control over the manner in which the work is done, but it also recognizes exceptions to the general rule which may generally be divided into three categories: 1) negligence in selecting, instructing, or supervising the contractor; 2) non-delegable duties arising out of some relation toward the public or the particular plaintiff; and 3) work which is specially, peculiarly, or "inherently" dangerous.[4]
When the owner of a store employs an independent contractor to do work on the premises while they are open to the public and the work involves an unreasonable risk of harm to members of the public unless reasonable care is exercised in supervising the activities of the contractor, the store owner has a duty to supervise the equipment and methods of the contractor. The store owner is therefore liable for physical harm caused to a member of the public by its failure to use reasonable care to protect the public against unreasonably dangerous conditions created by the contractor, if the store owner had a reasonable opportunity to ascertain the improper equipment or methods of *178 the contractor and to secure the substitution of safe equipment or methods.[5]
Also, when a store owner hires an independent contractor to do work which it "should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken," it has a duty to provide for such precautions in the contract or otherwise.[6] And even if the store owner has provided for such precautions, it remains subject to liability for physical harm caused to others by the contractor's failure to exercise reasonable care to take such precautions.[7] "Peculiar" does not mean that the risk must be one which is abnormal to the type of work done, or that it must be an abnormally great risk, but instead refers to a special, recognizable danger arising out of the work itself.[8] In order for the vicarious liability rules to apply,
... it is not essential that the work which the contractor is employed to do be in itself an extra-hazardous or abnormally dangerous activity, or that it involve a very high degree of risk to those in the vicinity. It is sufficient that it is likely to involve a peculiar risk of physical harm unless special precautions are taken, even though the risk is not abnormally great. A "peculiar risk" is a risk differing from the common risks to which persons in general are commonly subjected by the ordinary forms of negligence which are usual in the community. It must involve some special hazard resulting from the nature of the work done, which calls for special precautions....
Restatement (Second) of Torts § 416 cmt. d. The peculiar risk need not be one which will necessarily and inevitably arise in the course of the work, no matter how it is done, so long as it is a risk which the store owner should recognize as likely to arise in the course of the ordinary and usual method of doing the work, or the particular method which it knows that the contractor will adopt.[9]
The Restatement states that the rules imposing vicarious liability on employers for the acts of independent contractors arise "in situations where, for reasons of policy, the employer is not permitted to shift the responsibility for the proper conduct of the work to the contractor" and that it is commonly stated that "the employer is under a duty which he is not free to delegate to the contractor."[10] Such nondelegable duties have been found under Florida law to be imposed by statute, contract, or common law,[11] and to arise out of "inherently dangerous activity" or activity involving "inherently dangerous elements," or out of the creation of an "inherently dangerous condition."[12]
There is a close relation between the above stated exception and the rule stated in section 427 of the Restatement:
One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the *179 contractor's failure to take reasonable precautions against such danger.
The comment to section 416 indicates that the two rules "have been applied more or less interchangeably in the same types of cases, and frequently have been stated in the same opinion as the same rule, or as different phases of the same rule." It explains that the rule stated in section 416 is more commonly applied "where the employer should anticipate the need for some specific precaution, such as a railing around an excavation in a sidewalk," while the rule stated in section 427 is more commonly applied "where the danger involved in the work calls for a number of precautions, or involves a number of possible hazards, as in the case of blasting, or painting carried on upon a scaffold above a highway." The comments to section 427 indicate that the exception is not limited to highly dangerous activities, but that it applies "where the harm results from the negligence of the contractor in failing to take precautions against the danger involved in the work itself, which the employer should contemplate at the time of the contract," and further,
... It is not necessary that the work call for any special skill or care in doing it. It is sufficient that work of any kind involves a risk, recognizable in advance, of physical harm to others which is inherent in the work itself, or normally to be expected in the ordinary course of the usual or prescribed way of doing it, or that the employer has special reason to contemplate such a risk under the particular circumstances under which the work is to be done.
Without a transcript of the hearing on the motion for summary judgment, it is impossible to assess the context in which the trial court concluded that there were no genuine issues of material fact and that the store owner was entitled to summary judgment as a matter of law. However, considering the pleadings, affidavit, and depositions presented to the trial court, and drawing all possible inferences in favor of the party against whom the summary judgment was sought, Moore v. Morris, 475 So.2d 666 (Fla. 1985), we find that the evidence presented created a jury question as to whether the store exercised reasonable care to assure that the floor was safe for public passage or properly marked with "wet floor" signs, and that the trial court's conclusion was therefore erroneous.
The summary judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
ALLEN and WOLF, JJ., concur.
NOTES
[1] Schaap v. Publix Supermarkets, Inc. involved a slip and fall on a cookie in a grocery store that had a policy of giving children cookies. The trial judge granted summary judgment for the store, finding that the fact that it had a cookie club was not enough, in and of itself, to establish a causal connection between Schaap's slipping and a breach of duty by the store, and that there was no evidence to indicate how long the cookie had been there. This Court affirmed, stating that a plaintiff must generally prove that the owner of the premises had actual or constructive notice of the dangerous condition, that constructive notice may be inferred from either the length of time a substance has been on the floor or the fact that the condition occurred with such frequency that the owner should have known of its existence, and that the owner may also be liable if its agent or employee caused the dangerous condition, or if its method of operation was inherently dangerous. It found that the Schaaps had not proffered evidence that would sufficiently prove either element of the "method of operation" theory they asserted: 1) either that the method of operation was inherently dangerous or the particular operation was being conducted in a negligent manner, and 2) that the floor condition was created as a result of the negligent method of operation.
[2] Brooks v. Phillip Watts Enterprises, Inc. involved a slip and fall on a "wet damp" area as the plaintiff entered a grocery store on a rainy day; there were no "wet floor" warning cones, which were usually placed at the front door when it rained. The trial court granted summary judgment for the store, finding Brooks had failed to prove that any of the store employees had actual or constructive notice that there was water on the floor when the accident occurred. This Court reversed, finding that the trial court "failed to exercise the caution appropriate to a determination of a motion for summary judgment in negligence cases" and that:

This evidence is sufficient for a factfinder to determine constructive notice existed of the dangerous condition on either of two theories: (1) the water was on the floor for a sufficient period of time that in the exercise of ordinary care (such as regular inspection), appellee should have known of the condition, or (2) the condition occurred with regularity and was therefore foreseeable.
560 So.2d at 342.
[3] Bennett v. Mattison involved a slip and fall on a wet spot in an apartment building hallway leading to a beach-front patio. This Court reversed a directed verdict for the apartment building owners, finding that they had been put on notice that the hallway was slippery and dangerous when wet and that others had slipped, creating a jury question as to whether they had exercised reasonable care to guard against a foreseeable danger. We noted that the owners could not be charged with either actual or constructive notice of the precise water which caused Bennett's fall, but we found that the Bennetts were entitled to submit the case to the jury on the theory that the owners failed to take reasonable care 1) by not preventing water from coming onto the floor; 2) by not having an inspection procedure to discover water on the floor and clean it up; or 3) by not making the floor less slippery when water came to be on it.
[4] Restatement (Second) of Torts § 409 (1965) and comments.
[5] Id. § 415 and comments; Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla. 1977). See also Maule Industries, Inc. v. Messana, 62 So.2d 737 (Fla. 1953); Breeding's Dania Drug Co. v. Runyon, 2 So.2d 376 (Fla. 1941).
[6] Restatement (Second) of Torts § 413.
[7] Id. § 416 and comments.
[8] Id. § 413 cmt. b and § 416 cmt. b.
[9] Id. § 416 cmt. e.
[10] Id. Chapter 15, Topic 2, Introductory Note.
[11] E.J. Strickland Const. v. Dept. of Agriculture and Consumer Services of Florida, 515 So.2d 1331 (Fla. 5th DCA 1987).
[12] See Emelwon, Inc. v. U.S., 391 F.2d 9 (5th Cir.), cert. den., Florida v. Emelwon, Inc., 393 U.S. 841, 89 S.Ct. 119, 21 L.Ed.2d 111 (1968); Midyette v. Madison, 559 So.2d 1126 (Fla. 1990); Channell v. Musselman Steel Fabricators, Inc., 224 So.2d 320 (Fla. 1969); Schaap v. Publix Supermarkets, Inc.; Fisherman's Paradise, Inc. v. Greenfield, 417 So.2d 306 (Fla.3d 1982); Atlantic Coast Dev. v. Napolean Steel, 385 So.2d 676 (Fla. 3d DCA 1980); Florida Freight Terminals, Inc. v. Cabanas, 354 So.2d 1222 (Fla. 3d DCA 1978); Florida Power & Light Company v. Price, 170 So.2d 293 (Fla. 1964); Ross v. Heitner, 156 So.2d 869 (Fla. 3d DCA 1963).