728 So.2d 1216 (1999)
David HIRSCHENSON, Appellant,
v.
WESTWAY INCORPORATED, a Florida Corporation, Appellee.
No. 98-1803.
District Court of Appeal of Florida, Third District.
March 24, 1999.
*1217 Douglas P. Johnson, Ft. Lauderdale, for appellant.
Peterson, Bernard, Vanderberg, Zei, Geisler & Martin and Michael Acker, Ft. Lauderdale, for appellee.
Before COPE, GREEN, and FLETCHER, JJ.
COPE, J.
Plaintiff David Hirschenson appeals from an adverse final summary judgment. We conclude that genuine issues of material fact remain to be resolved, and that summary judgment should not have been entered.
While jogging, plaintiff tripped on a metal reinforcement bar that extended over the sidewalk from a small debris pile located at the edge of property owned by defendant Westway Incorporated ("owner"). Plaintiff sustained a fractured ankle. Prior to the accident the owner had contracted with Cuyahoga Wrecking Corporation to demolish a building located on the property. The record indicates that demolition was completed one month before the plaintiffs accident.
Plaintiff filed a complaint against the owner and Cuyahoga asserting negligence in creating the dangerous debris condition and in failing to inspect the premises.[1] The trial court granted summary judgment for the owner, stating that there was no evidence in the record of any actual or constructive notice to the owner of any dangerous condition.
On review of summary judgment, we must view the record in a light most favorable to plaintiff as the nonmoving party. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985).
We concur with the trial court that there was no evidence of actual notice to the owner, but we disagree on the issue of constructive notice. In its application for payment dated April 13, 1993, Cuyahoga stated that the demolition work had been completed. Plaintiffs accident was May 12, 1993. The photograph shows a debris pile at the edge of a cleared lot. Extending from the debris pile over the sidewalk is a metal reinforcing bar, close to ground level. A reasonable inference is that the debris pile was a product of the demolition job, which had been completed a month earlier. A one-month time interval would be sufficient to create constructive notice to the owner of the dangerous condition. See Johnson v. Treasure Coast Plaza, Ltd., 670 So.2d 1199 (Fla. 4th DCA 1996); Sabugo v. GDS Drugs, Inc., 350 So.2d 22 (Fla. 3d DCA 1977). Accordingly, we reverse the summary judgment and remand for further proceedings.
Plaintiff argues that in addition to the foregoing, the owner is vicariously liable for the acts of Cuyahoga. Plaintiff relies on the proposition that "if a dangerous condition on the floor of a business establishment is created by ... a servant or agent of the owner... the owner is liable for any ensuing injuries proximately caused by the dangerous conditions...." Sabugo v. GDS Drugs, Inc., 350 So.2d 22 (Fla. 3d DCA 1977) (emphasis added)(citing Food Fair Stores, Inc. v. Trusell, 131 So.2d 730, 732 (Fla.1961); Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5, 6 (Fla.1959); Carls Markets, Inc. v. Meyer, 69 So.2d 789, 791-92 (Fla.1953); Haley v. Harvey Building, Inc., 168 So.2d 330, 332 (Fla. 2d DCA 1964); see also Mahoney v. Burger King Corporation, 600 So.2d 1252, 1253 (Fla. 3d DCA 1992)). Plaintiff contends that since Cuyahoga was an independent contractor which had undertaken to do the demolition work, it follows that Cuyahoga is the "agent of the owner" for purposes of Sabugo and that the owner is vicariously viable for the acts of Cuyahoga. We disagree.
The First District Court of appeal has said, in the context of premises liability:
Florida follows the general rule that the employer of an independent contractor is not liable for the contractor's negligence because the employer has no control over the manner in which the work is done, but it also recognizes exceptions to the general rule which may generally be divided into three categories: (1) negligence in selecting, *1218 instructing, or supervising the contractor; (2) non-delegable duties arising out of some relation toward the public or the particular plaintiff; and (3) work which is specially, peculiarly, or "inherently" dangerous.
McCall v. Alabama Bruno's, Inc., 647 So.2d 175, 177 (Fla. 1st DCA 1994) (citing Restatement (Second) of Torts § 409 (1965)). None of the exceptions is applicable here.
Plaintiff seeks to invoke the exception for inherently dangerous work, contending that demolition fits that description. However, the plaintiffs injury in this case was not occasioned by demolition work, for that work had already concluded.[2]
Although the owner is not vicariously liable for the acts of Cuyahoga, liability may nonetheless exist by reason of constructive notice of the dangerous condition, as stated earlier in this opinion.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] Cuyahoga defaulted and the claim against it is not at issue on this appeal.
[2] It also bears mention that the demolition contract called for the site to be "left rough graded, free of debris." If, as plaintiff contends, Cuyahoga was the source of the debris pile, then Cuyahoga did not comply with its contract. There is no indication in this record that the owner knew, or had any reason to expect, that Cuyahoga would leave any debris on the property whatsoever, much less debris which protruded over the sidewalk. See Restatement (Second) of Torts § 427 Cmt. d, Illus. 6.