973 So.2d 603 (2008)
Deborah STANDER, as Personal Representative of the Estate of Samuel Stander, deceased, Appellant,
v.
DISPOZ-O-PRODUCTS, INC., a South Carolina corporation, Appellee.
No. 4D07-269.
District Court of Appeal of Florida, Fourth District.
January 23, 2008.
*604 Joel S. Perwin of Joel S. Perwin, P.A., and Tod Aronovitz and Christopher Marlow of Aronovitz Trial Lawyers, Miami, for appellant.
Steven J. Clarfield and John B. Marion, IV, of Sellars, Marion & Bachi, P.A., West Palm Beach, for appellee.
KLEIN, J.
Plaintiff appeals an order dismissing with prejudice her complaint alleging that the defendant, who sent goods through an independent contractor trucking company, is responsible for an accident in which the decedent was killed by the driver of the truck owned by the independent contractor. We affirm.
In the complaint it was alleged that defendant was liable for the negligence of the independent contractor because the defendant failed to investigate the background, qualifications, or experience of the driver, and knew or should have known the driver was unfit. It was also alleged that the defendant had a non-delegable duty to protect motorists on the highway from the danger that the driver posed. Defendant moved to dismiss, arguing that the complaint contained only conclusions, and no facts which could make someone liable for negligently selecting an independent contractor trucker to transport goods.
Plaintiff relies on Suarez v. Gonzalez, 820 So.2d 342, 344 (Fla. 4th DCA 2002), in which we first set out the general rule:
Generally, the employer, of an independent contractor is not liable for the negligence of the independent contractor because the employer has no control over the manner in which the work is done. 2A Fla. Jur.2d Agency & Employment § 138 (1998); see St. Johns & Halifax R.R. Co. v. Shalley, 33 Fla. 397, 14 So. 890, 892 (1894); Singer v. Star, 510 So.2d 637, 639-40 (Fla. 4th DCA 1987).
We found an exception to the general rule in Suarez because an incompetent independent contractor had been hired by a landlord, which resulted in injury to a tenant. Suarez is distinguishable because the landlord in Suarez owed a duty to the tenant which does not exist here. Suarez is a perfect example of why it is necessary *605 to allege facts in order to pursue a negligence lawsuit against a person engaging an independent contractor. In Suarez, the landlord was converting her garage into a rentable apartment and had cabinets installed by a man she saw passing by on the street with some cabinets in his van. She paid the man in cash, signed no contract, and did not know his name or whether he was licensed. The tenant was seriously injured when one of the cabinets fell off the wall and struck him in the head.
Plaintiff has not cited a case from Florida or any other jurisdiction which would support a cause of action under the conclusory allegations contained in this complaint. In the absence of factual allegations as to why someone who hires an independent contractor to transport goods should conduct an investigation into the background, qualifications, or experience of the driver, there is no duty to third parties.
As for Judge Ernas's dissenting opinion that we should reverse so plaintiff can amend, a party who does not seek to amend in the trial court cannot raise the issue of amendment for the first time on appeal. Lutz v. Protective Life Ins. Co., 951 So.2d 884, 888 (Fla. 4th DCA 2007); Merkle v. Health Options, Inc., 940 So.2d 1190 (Fla. 4th DCA 2006); Century 21 Admiral's Port, Inc. v. Walker, 471 So.2d 544, 545 (Fla. 3d DCA 1985); Johnson v. RCA Corp., 395 So.2d 1262 (Fla. 3d DCA 1981).
As we noted earlier, the defendant moved to dismiss the complaint because the complaint contained no facts, and the conclusions were insufficient to make the defendant liable for the negligence of an independent contractor. It was plaintiff's position in the trial court, however, that it was unnecessary to allege any facts. Plaintiff actually admitted that "discovery has not begun in earnest and we have no facts upon which to rely."
Plaintiff further advised the court:
The limited issue that's before this court in this plaintiffs position is respectfully requesting that this court allow us to plead the well-established cause of action of negligent hiring, period. If the facts don't bear it out, fine, but that's not for today'sthat is the position that that is not for today to be addressed. Your honor would not be supplanting the legislative wisdom in either enacting or not enacting legislation that would specifically address this, but we are asking and we have pled a cause of action based on negligent hiring.
After pointing out that plaintiff had cited no cases which would support her position, and reiterating that the mere conclusions in the complaint did not state a cause of action, the court announced that it was dismissing with prejudice and commented to plaintiff "good luck with the Fourth District." Plaintiffs response was, "Thank you, your Honor." Plaintiff did not request leave to amend the complaint, nor did plaintiff move for rehearing to amend after the order of dismissal was entered.
Judge Emas states that, at the hearing on the motion to dismiss, defendant "never raised or argued the factual insufficiency of the complaint." In both the motion to dismiss and the memorandum in support of the motion, defendant stated:
Plaintiff has sued DOP under the heading of "Negligent Hiring," however, nowhere in the Complaint does Plaintiff allege any facts which would establish a basis, to support such a claim.
And, at the hearing, the court stated in response to plaintiffs argument:
THE COURT: Well, the devil's in the details. What's the facts of this case? *606 We cannot, accordingly, agree with Judge Emas that the factual insufficiency of the complaint was not considered.
Affirmed.
HAZOURI, J., concurs.
EMAS, KEVIN J., Associate Judge, dissents with opinion.
EMAS, KEVIN J., Associate Judge, dissenting.
The majority concludes that the trial court determined plaintiffs complaint was factually insufficient and that, by failing to seek leave from the trial court to amend the complaint, plaintiff is prohibited from raising the issue of amendment for the first time on appeal. See Merkle v. Health Options, Inc., 940 So.2d 1190 (Fla. 4th DCA 2006), review denied, 962 So.2d 336 (Fla.2007). I respectfully dissent because I believe the majority has blurred the distinction between two issuesthe failure to plead a factually sufficient claim, (which was neither argued by the parties nor decided by the trial court), and whether, as a matter of law, a cause of action exists for negligent selection of an independent contractor to transport non-hazardous goods on the highway (which was argued by the parties and decided erroneously by the trial court). Based upon the record presented in this appeal, Merkle is inapplicable because the trial court never determined the factual sufficiency of the complaint, and thus there was no reason for plaintiff to seek leave to amend. Moreover, given the trial court's ruling, seeking leave to amend clearly would have been futile, and we should not impose a requirement that a party engage in an act of futility to preserve an issue for appeal. This cause should be reversed upon a finding that, as a matter of law, a cause of action exists in Florida for negligent selection of an independent contractor.
Plaintiff's claim arises out of an automobile accident involving a vehicle driven by Samuel Stander and a tractor trailer driven by Thomas Braswell ("Braswell"), the owner of Faiston Transportation, Inc. ("Faiston"). Samuel Stander died as a result of the accident. Deborah Stander, as personal representative of the estate ("Stander"), filed a one-count complaint sounding in negligence, not against Braswell, the driver, or. Faiston, his trucking company, but against Dispoz-O-Products, Inc. ("Dispoz-O-Products"), which hired Braswell to transport its paper goods to Florida. Stander conceded that Braswell was an independent contractor, but asserted that Dispoz-O-Products was liable under a theory of negligent selection. In the complaint, Stander alleged that Dispoz-O-Products was negligent because it knew or should have known that:
 Braswell was an inexperienced, dangerous
 and/or negligent
 driver;
 Braswell was unfit to perform the
 duties for which he had
 been hired by Dispoz-O-Products;
 and
 Braswell would act in a manner that
 would jeopardize the safety
 of and cause injury to other
 motorists on the public highways.
Dispoz-O-Products filed a motion to dismiss asserting that, as a matter of law, Stander could not seek to recover for Dispoz-O-Products' alleged negligence in selecting an independent trucker to transport Dispoz-O-Products' paper goods. Although Dispoz-O-Products did include in its motion to dismiss a single sentence that the complaint contained only conclusory allegations, the remainder of the three-page, nine-paragraph motion focused upon whether, as a matter of law, such a *607 cause of action could be maintained in Florida.[1]
Moreover, at the hearing on the motion to dismiss, Dispoz-O-Products never raised or argued the factual insufficiency of the complaint. At the beginning of the hearing, Dispoz-O-Products framed the issue for the trial court:
Just to establish a record and to orient the court in the defendant's argument this is a complaint that was filed by Mrs. Stander and it stems from a motor vehicle accident. And our Motion to Dismiss is asking the court to dismiss the complaint with prejudice because there is no law, there is no statute that allows the allegations of this complaint to move forward. (emphasis added).
Dispoz-O-Products presented its argument, which lasted eight transcript pages[2] and was directed entirely to the validity of a cause of action under Florida law:
The argument that ]we have] put forth is that there is no common law case that we were able to find that says that a company that manufactures goods and transports goods has a nondelegable duty to make sure that the driver of the vehicle isis a good driver.
Dispoz-O-Products concluded its argument:
This fact pattern with a motor vehicle accident simply does not apply and we would ask the court to grant the defendant's Motion to Dismiss with prejudice. There is no statute, there is no law that I found that would allow this cause of action to move forward. And unless there is a conflict amongst the district courts where this new theory is buddingwhich I haven't been able to findthere is no reason for the court to expand this area of law.
Stander's counsel began its response to Dispoz-O-Products' arguments by urging the trial court not to determine at this early stage of the proceedings whether Stander would ultimately be able to prevail on the claim, but only whether such a cause of action can properly be pled in Florida:
Because we're here on the Motion to Dismiss and not for summary judgment, therefore, discovery has not begun in earnest and we have no facts upon which to rely, the question is whether the plaintiffsthe complaint as pleaded is before this court with a proper legal claim for negligent hiring, period. That is our contention. . . . (emphasis added).
The majority, relying on the italicized portion of this single statement, taken from a 36-page transcript,[3] determines *608 that Stander's counsel conceded there was no factual basis for filing the complaint and that plaintiff did not wish to amend. However, a reading of counsel's statement in the context of the full transcript leads to the conclusion that plaintiff was not addressing the factual sufficiency of the complaint, but rather the validity vel non of the theory pled. Stander never told the trial court that it could not or would not amend the complaint, but only that plaintiff believed a legally cognizable cause of action had been set forth in the complaint, that the facts had not been fully developed at this early stage of the case, and that plaintiff's ultimate ability to prove the claim should not be decided on a motion to dismiss. Given defendant's framing of the issue at the inception of the hearing, there was no reason for Stander to address the complaint's factual sufficiency or to seek leave to amend.
This conclusion finds further support in the comments made and questions posed by the trial court to Stander's counsel. At no point did the trial court question Stander about the factual sufficiency of the complaint, nor did the court determine that the complaint was factually insufficient. Instead, the court engaged in a discussion limited to whether, as a matter of law, such a cause of action exists under Florida law. For example, the trial court asked plaintiff's counsel:
Pray tell, why hasn't our Florida legislature enacted any kind of statute where as a public policy of the State of Florida . . . they have told the business community . . . you must take care of who you use as an independent contractor to ship your goods, whether it be intrastate or interstate into Florida. And if you're notif you don't do it carefully you can be held accountable in a tort action in our circuit courts. Why hasn't our legislature enacted such a statute?
. . . .
Give me, cite to me one case one case in the thousands and thousands of automobile accidents we've had in the State of Florida where analogous to our case a defendant hires an independent contractor, doesn't own anything, not an employee, just hires somebody to ship goods by a truck in the State of Florida where any court, any court, such a lawsuit has been upheld and where maybe there's been a plaintiff's verdict against somebody who simply hired a trucking company to ship goods from one part of Florida to another part or from out of Florida to somewhere in state?
. . . .
What's my duty? Let's put you in the hot seat, sir. I'm going to have you shipping your own furniture. . . . I'd like to know what your obligations are under the law the way you are asking the court. You look in the yellow pages. Do you have some affirmative duty to say to these people by the way, how competent are your drivers? What's your track record? Have you been involved in accidents and how many?
In response to the court's questions, Stander's counsel cited cases in support of the position that a valid cause of action exists, and attempted to distinguish between the duty imposed upon a casual shipper of goods (such as the examples posed by the court) and the duty imposed upon a manufacturer involved in shipping goods on a regular basis:
Your Honor, the well-settled body of negligence law in whatever area acknowledges *609 that people who are engaged in the business that is being in this case sued, that those people are in a superior position to absorb the losses than are the people who have either died or been injured as a result of alleged negligence, and that is what we are alleging at this point.
The trial court indicated that this was a public policy issue best left to the legislature and not the judiciary. Stander's counsel responded to the court's concern:
Your Honor is not being asked to make policy. Your Honor is being requested to recognize that this complaint has alleged a duty, breach, causation, and damages.
Stander's counsel then concluded his argument:
The limited issue that's before this court in this plaintiff's position is respectfully requesting that this court allow us to plead the well-established cause of action of negligent hiring, period. If the facts don't bear it out, fine, but that's not for today'sthat is the position that that is not for today to be addressed. Your Honor would not be supplanting the, legislative wisdom in either enacting or not enacting legislation that would specifically address this, but we are asking and we have pled a cause of action based on negligent hiring.
The court posed a final question to plaintiff's counsel:
Is there such a cause of action when the defendant is not the owner, is not the driver, and the only connection is the fact that they hired this independent contractor to ship their paper products in the State of Florida?
Plaintiffs counsel answered in the affirmative.
The trial court concluded the hearing and issued its ruling:

It's dismissed with prejudice. There is no such cause of action in Florida and it's for our legislative branch in Tallahassee to make any such pronouncement (emphasis added).
The majority's opinion necessarily holds that the trial court determined that the complaint failed to allege sufficient ultimate facts to state a cause of action; that Stander's counsel should have sought, leave to amend the complaint to plead additional facts; and, by failing to do so, Stander is barred by Merkle from raising this issue on appeal. However, Merkle is inapplicable for two reasons: First, Stander has not, during the course of this appeal, sought to amend her complaint. Stander's appeal merely seeks review of the trial court's order which found, as a matter of law, no such cause of action could be pled. Second, to the extent the issue of amendment has impliedly been raised on appeal, the transcript of the hearing on the motion to dismiss plainly reveals that seeking leave from the trial court to amend the complaint would have been a futile and useless act, given the trial court's determination that no valid cause of action could ever be pled. The law does not require a futile or useless act, see Haimovitz v. Robb, 130 Fla. 844, 178 So. 827, 830 (1937); Young v. State, 664 So.2d 1144, 1145 (Fla. 4th DCA 1995), and imposing such a requirement in this case is contrary to reason and does not advance the underlying purpose for the rule articulated in Merkle.
Although I agree with the majority that the complaint is factually insufficient, this issue is not properly before us because it was never argued to, or decided' by, the trial court. I believe the majority should not have reached this issue, but instead should have determined that the trial court erred in its ruling on the issue that was raised, argued and decided below. Based on the analysis that follows, we should hold *610 that Florida law permits a cause of action for negligent selection of an independent contractor to ship non-hazardous goods on the highway.
It has long been the general rule in Florida that the employer of an independent contractor cannot be held liable for the negligence of an independent contractor because the employer has no control over the manner in which the work is done. See St. Johns & H.R. Co. v. Shalley, 33 Fla. 397, 14 So. 890 (1894); Suarez v. Gonzalez, 820 So.2d 342 (Fla. 4th DCA 2002); McCall v. Alabama Bruno's Inc., 647 So.2d 175 (Fla. 1st DCA 1994); Bialkowicz v. Pan Am. Condo. No. 3, Inc., 215 So.2d 767 (Fla. 3d DCA 1968). See also RESTATEMENT (SECOND) OF TORTS § 409 (1965) ("RESTATEMENT").
However, Florida courts recognize several exceptions to the general rule of non-liability of an employer for the acts of an independent contractor, including situations in which the employer was himself negligent in selecting the independent contractor. See Suarez v. Gonzalez, 820 So.2d 342 (Fla. 4th DCA 2002); Hirschenson v. Westway, Inc., 728 So.2d 1216 (Fla. 3d DCA 1999); McCall v. Alabama Bruno's, Inc., 647 So.2d 175 (Fla. 1st DCA 1994).
To establish a claim for negligent selection of an independent contractor, a plaintiff must plead ultimate facts showing: (1) the independent contractor acted negligently; (2) the independent contractor was incompetent or unfit at the time of its hiring; (3) the employer knew or reasonably should have known of this incompetence or unfitness;[4] and (4) the plaintiff s injury was the proximate result of this incompetence or unfitness. See Kinsey v. Spann, 139 N.C.App. 370, 533 S.E.2d 487, 493 (2000). Plaintiff must establish that the employer knew or reasonably should have known of the specific propensities of the independent contractor that was the proximate cause of plaintiff's injuries. Brien v. 18925 Collins Ave. Corp., 233 So.2d 847 (Fla. 3d DCA 1970); see also Sammons v. Broward Bank, 599 So.2d 1018 (Fla. 4th DCA 1992) (in cause of action against bank for negligent selection of repossessor who allegedly slashed plaintiff's tires and engaged in a chase of plaintiffs car While attempting repossession, trial court properly granted summary judgment on claim of negligent hiring where plaintiff could not demonstrate bank *611 knew or should have known of repossessor's violent propensities when bank hired him). In other words, there must be a causal connection between the particular unfitness and the independent contractor's negligent act. See Jones v. Beker, 260 Ill.App.3d 481, 198 Ill.Dec. 214, 632 N.E.2d 273 (1994); Puckrein v. ATI Transport, Inc., 186 N.J. 563, 897 A.2d 1034 (2006); Bellere v. Gerics, 304 A.D.2d 687, 759 N.Y.S.2d 105 (2003).
Whether plaintiff ultimately can prove her claim for negligent selection is not for us, or the trial court, to decide at this stage of the proceedings. The limited issue squarely presented is whether such a cause of action can be pled in Florida. I believe we should hold that it can, reverse the order dismissing this cause with prejudice, and remand to the trial court for proceedings consistent with that holding.
NOTES
[1] In its answer brief, Dispoz-O-Products describes its own motion in this way: "DOP [Dispoz-O-Products] filed a Motion to Dismiss the Complaint with Prejudice for failure to state a cause of action. The basis of DOP's motion was that there is no statutory, common law, or contractual duty imposed upon the supplier of paper goods to investigate an independent contractor hired to ship paper goods." (citation omitted and emphasis added).
[2] The transcript of the hearing covers 36 pages. The apparent reason for the lengthy hearing is the dearth of caselaw regarding whether Florida recognizes a cause of action for negligent selection of an independent contractor to transport non-hazardous goods on the highways and, if so, whether one who selects such an independent contractor has an affirmative duty to investigate the independent contractor for fitness or competence. By its holding, the majority avoids reaching these issues.
[3] Assuming the transcript accurately reflects the statement by plaintiff's counsel that "we have no facts upon which to rely," it is difficult to conceive that counsel was acknowledging that he had filed the complaint without any basis in fact. In context, it is certainly much more reasonable to conclude that counsel, though perhaps inartfully, was pointing out the trial court's obligation at this stage of the proceedings to limit itself to the four corners of the complaint, as contrasted with a motion for summary judgment. By reversing and remanding, plaintiff's counsel would be afforded the opportunity to state his position with greater clarity.
[4] Stander alleged in the complaint that Dispoz-O-Products had a legal "duty to investigate and ensure that Braswell . . . would be a safe carrier" of Dispoz-O-Products' paper goods. Given the preliminary stage of the proceedings below and the limited record before us, we need not reach the question of whether, and the extent to which, such an affirmative duty exists in this case. Any such duty will necessarily vary with the circumstances of each case, and will depend on factors such as those identified by the RESTATEMENT § 411, cmt. c (1965). For example, even in the absence of a non-delegable duty, the existence of a special relationship between the parties is a relevant factor in determining the necessity and extent of the inquiry required. See, e.g., Suarez, 820 So.2d at 346 (holding that the special relationship between the parties-landlord and tenant-imposed a duty upon the defendant homeowner to inquire into the qualifications of an independent contractor hired to install cabinets in the home rented to, and occupied by, plaintiff; noting, however, that absent such a relationship between the parties, in "run-of-the-mill activities not involving highly dangerous or specialized work, an employer is required to make only minimal inquiry into the qualifications of an independent contractor"); G.B. Foster Co. v. Hurnblad, 418 F.2d 727 (9th Cir.1969) (employer who is a casual shipper of goods of a character which involves no unusual risk to other users' ordinarily has the right to assume that the independent contractor holding itself out as a transport company is properly licensed and equipped, and acting in accordance with applicable regulations); Puckrein v. ATI Transport, Inc., 186 N.J. 563, 897 A.2d 1034, 1044 (2006) (same).