# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1959
Lower Tribunal No. 15-17576
_____

**Turnberry Village North Tower Condominium Association, Inc.,**
Appellant,

vs.

**Turnberry Village South Tower Condominium Association, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Egozi & Bennett and Bernard L. Egozi and Isaac S. Lew, for appellant.

Kahn & Resnik and Howard Kahn and Marcy S. Resnik (Dania), for appellee.

Before EMAS, LOGUE and LUCK, JJ.

EMAS, J.

Appellant, Turnberry Village North Tower Condominium Association, Inc. appeals from an order dismissing, with prejudice, its amended complaint, which asserted a claim for aiding and abetting a breach of fiduciary duty.[1] We affirm the trial court's order, as appellant's amended complaint failed to set forth "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." See Fla. R. Civ. P. 1.110(b). Appellant's amended complaint contained a mechanical recitation of the elements of the cause of action, and, in particular, only conclusory allegations that appellee substantially assisted or encouraged the wrongdoing. This is insufficient to withstand a motion to dismiss. See generally, American Seafood, Inc. v. Clawson, 598 So. 2d 273 (Fla. 3d DCA 1992); Raymond, James & Assocs., Inc. v. Zumstorchen Inv., Ltd., 488 So. 2d 843 (Fla. 2d DCA 1986).

We reject appellant's alternative argument that, even if the order of dismissal was proper, we should reverse and remand to permit appellant a further opportunity to amend the amended complaint. A plaintiff is granted the right to amend the complaint once before a responsive pleading is filed. See Fla. R. Civ. P.

---

[1] Aiding and abetting a breach of fiduciary duty is recognized in Florida. See Fonseca v. Taverna Imports, Inc., 212 So. 3d 431, 442 (Fla. 3d DCA 2017) (and cases collected). Such a claim requires a plaintiff to plead ultimate facts to establish: 1) a fiduciary duty on the part of a primary wrongdoer; 2) a breach of that fiduciary duty; 3) knowledge of the breach by the alleged aider and abettor; and 4) the aider and abettor's substantial assistance or encouragement of the wrongdoing. Id.

1.190(a) (providing that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served); Boca Burger, Inc. v. Forum, 912 So. 2d 561, 567 (Fla. 2005) (holding that a judge's discretion to deny amendment of a complaint arises only after the defendant files a responsive pleading or if the plaintiff has already exercised the right to amend once).

Appellant already exercised this right to amend when, following a dismissal of the original complaint, it filed an amended complaint. Any further amendment required leave of the trial court. Because appellant did not seek leave to amend at the time of the trial court's dismissal with prejudice of the amended complaint, or thereafter by a motion for rehearing, Appellant has failed to preserve the issue, precluding our consideration of the issue for the first time on appeal. Vorbeck v. Betancourt, 107 So. 3d 1142, 1148 (Fla. 3d DCA 2012); Century 21 Admiral's Port, Inc. v. Walker, 471 So. 2d 544, 545 (Fla. 3d DCA 1985); Stander v. Dispoz-O-Products, Inc., 973 So. 2d 603, 605 (Fla. 4th DCA 2008).

Affirmed.