IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THE ALFI A. SHAHID AND PATRICIA
ALLAN-SHAHID FAMILY TRUST, U/T/
D  NOVEMBER 24, 2000,

      Appellant,

  v.

                         Case No.  5D22-25
                         LT Case No. 2020-CC-044004

LONNY SHANE MILLER AND
JACQUELINE MILLER,

      Appellees.
_____/

Opinion filed May 12, 2023

Appeal from the County Court
for Brevard County,
Kelly Ingram, Judge.

Beth L. Clause, of BLC Law,
Melbourne, for Appellant.

Jay R. Thakkar, of Goldman,
Monaghan,  Thakkar  &  Bettin,
P.A., Cocoa, for Appellees.


PER CURIAM.

AFFIRMED. *See Turnberry Vill. N. Tower Condo. Ass'n v. Turnberry Vill. S. Tower Condo. Ass'n*, 224 So. 3d 266, 268 (Fla. 3d DCA 2017) ("Because appellant did not seek leave to amend at the time of the trial court's dismissal with prejudice of the amended complaint, or thereafter by a motion for rehearing, Appellant has failed to preserve the issue, precluding our consideration of the issue for the first time on appeal."); *Stander v. Dispoz-O-Prods., Inc.*, 973 So. 2d 603, 605 (Fla. 4th DCA 2008) (holding that the plaintiff waived the right to challenge the dismissal with prejudice when, after the trial court announced that it was dismissing with prejudice, the plaintiff neither requested leave to amend the complaint nor moved for rehearing to amend after the order of dismissal was entered).

EDWARDS and EISNAUGLE, JJ., concur.
LAMBERT, C.J., concurs, with opinion.

LAMBERT, C.J., concurring.  Case No. 5D22-25
LT Case No. 2020-CC-044004

The trial court in this case erroneously dismissed Appellant's second amended complaint with prejudice. Nevertheless, because the error was not preserved for review, I agree with the majority that affirmance is required.

Appellant sued Appellees to evict them from a home they had leased from Appellant. The day after suit was filed, Appellant, without leave of court and prior to Appellees being served with process, amended its complaint, as it was permitted to do. *See* Fla. R. Civ. P. 1.190(a) (providing that "[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served"). The amended complaint corrected a clerical error contained in the initial complaint. Appellees answered this first amended complaint without challenging the sufficiency of the pleading.

Appellees thereafter vacated the leased premises. Concluding that this made its cause of action for eviction moot, Appellant moved for leave to file a second amended complaint. Count one of the proposed second amended complaint sought damages for breach of the lease agreement due to Appellees' alleged failure to pay the rent and for damage Appellees caused to the property. Appellant pled, in the alternative, a cause of action for unjust enrichment to recover these damages.

3

The trial court granted Appellant leave to amend. However, the order entered also provided that "[t]his shall be the final leave granted for [Appellant] to amend its complaint." This provision was both inappropriate and erroneous. At this point, Appellant had clearly not abused its privilege to amend its complaint. Nor was there any indication that if, for some reason, the second amended complaint being filed was insufficiently pleaded, Appellant could not thereafter readily and easily plead a cause of action for breach of the lease or unjust enrichment.

Appellees filed a "Motion to Dismiss/Motion to Strike/Motion for More Definite Statement" directed to the second amended complaint. At the hearing held on this motion, the trial court, in granting the motion, orally found that it was "not proper to have the breach of lease and the unjust enrichment [claims]," and that the second amended complaint was defective because it did not contain clear and concise statements or allegations of fact. The court's written final order dismissed the second amended complaint with prejudice.

The trial court's first reason given for dismissal was erroneous. "Under Florida law, a party may simultaneously allege the existence of an express contract and alternatively plead a claim for unjust enrichment." *Real Est. Value Co. v. Carnival Corp.*, 92 So. 3d 255, 263 n.2 (Fla. 3d DCA 2012)

4

(citing *Hazen v. Cobb*, 117 So. 853, 857–58 (Fla. 1928)). Here, questions were raised as to the lease prepared without the apparent assistance of counsel that understandably led Appellant's counsel to plead the claims in the alternative. Moreover, Appellees did not argue in their motion to dismiss that Appellant erred in pleading these alternative causes of action.

As to the trial court's second reason for dismissal, Florida Rule of Civil Procedure 1.110(b) provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." *See also Barrett v. City of Margate*, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999) (holding that "[i]t is a cardinal rule of pleading that a complaint be stated simply, in short and plain language" and that it "must set out the elements and the facts that support them so that the court and the defendant can clearly determine what is being alleged" (first citing Fla. R. Civ. P. 1.110(b); and then citing *Messana v. Maule Indus.*, 50 So. 2d 874, 876 (Fla. 1951))).

Appellant's second amended complaint did not comply with rule 1.110(b) and was appropriately dismissed for this reason. Appellant has not challenged the dismissal on this ground but argues that the dismissal should not have been with prejudice. I agree. Precedent from this court shows that, under similar circumstances, a trial court's dismissal with prejudice is error.

In *Gerentine v. Coastal Security Systems*, the plaintiff filed "a long, rambling and extremely verbose second amended complaint." 529 So. 2d 1191, 1192 (Fla. 5th DCA 1988). The trial court dismissed the second amended complaint with prejudice. *Id.* We reversed, concluding:

> Because the second amended complaint did not provide short and plain statements of the ultimate facts as required by the rules of pleading, the [trial] court correctly dismissed it. However, because a cause of action can be gleaned from said second amended complaint, the court should have permitted the plaintiffs another opportunity to amend it . . . .

*Id.* at 1194.

Here, one can readily glean from the second amended complaint that Appellant can plead a viable cause or causes of action. The net effect of the trial court's erroneous dismissal with prejudice is that Appellant's ability to pursue its damages claim against Appellees has ended based upon only one defectively-pled complaint.

However, "[t]he rule of preservation, which is a keystone in our appellate process, dictates that '[i]n the absence of fundamental error, an appellate court will not consider an issue that has been raised for the first time on appeal.'" *Vorbeck v. Betancourt*, 107 So. 3d 1142, 1147 (Fla. 3d DCA 2012) (quoting *Keech v. Yousef*, 815 So. 2d 718, 719 (Fla. 5th DCA

6

2002)).  This rule applies to the improper dismissal of a complaint with prejudice.  *Id.* at 1148 (citing *Stander*, 973 So. 2d at 605).

Appellant did not move for rehearing requesting leave to amend.  Nor did it *specifically* make such a request prior to the dismissal with prejudice.  Accordingly, Appellant's failure to seek amendment below precluded any consideration of the argument being made on appeal that the trial court erred in dismissing the second amended complaint without providing leave to amend.  *See Century 21 Admiral's Port, Inc. v. Walker*, 471 So. 2d 544, 545 (Fla. 3d DCA 1985).

In closing, this case should be a reminder to all litigants and counsel about the critical importance of timely and clearly providing notice to a trial court by objection, motion, or otherwise of any perceived error in a trial court's ruling so that the court is provided the opportunity to promptly correct the error.  The failure to do so will likely have adverse consequences on appeal.