# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1569
Lower Tribunal No. 24-2949-CA-01
_____

**Dale Sundby, et al.,**
Appellants,

vs.

**Steven C. Marks, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

Dale Sundby and Edith Sundby, in proper persons.

Sperling Kenny Nachwalter, LLC and Deborah S. Corbishley, for appellees.

Before EMAS, MILLER and GORDO, JJ.

PER CURIAM.

Affirmed. See Pesce v. Morgan, 388 So. 3d 1107, 1108 (Fla. 3d DCA 2024) ("While we review an order granting a motion to dismiss de novo, we review the trial court's granting of dismissal with prejudice versus without prejudice under an abuse of discretion standard."); Lam v. Univision Commc'ns, Inc., 329 So. 3d 190, 193 (Fla. 3d DCA 2021) ("[U]pon a motion to dismiss a complaint for failure to state a cause of action, all material allegations of the complaint are taken as true. Those allegations are then reviewed in light of the applicable substantive law to determine the existence of a cause of action." (quoting Peeler v. Indep. Life & Acc. Ins. Co., 206 So. 2d 34, 36 (Fla. 3d DCA 1967))); Barret v. City of Margate, 743 So. 2d 1160, 1162-63 (Fla. 4th DCA 1999) ("In Florida, every cause of action, whether derived from statute or common law, is comprised of necessary elements which must be proven for the plaintiff to prevail. It is a cardinal rule of pleading that a complaint be stated simply, in short and plain language. The complaint must set out the elements and the facts that support them so that the court and the defendant can clearly determine what is being alleged. The complaint, whether filed by an attorney or pro se litigant, must set forth factual assertions that can be supported by evidence which gives rise to legal liability. It is insufficient to plead opinions, theories, legal conclusions or argument."); Jordan v. Nienhuis, 203 So. 3d 974, 976 (Fla. 5th DCA 2016)

2

("[G]eneral, vague and conclusory statements are insufficient to satisfy the requirement that a pleader allege a short and plain statement of the ultimate facts showing the pleader is entitled to relief.") (internal quotation marks and citation omitted); Stein v. BBX Cap. Corp., 241 So. 3d 874, 876 (Fla. 4th DCA 2018) ("To survive a motion to dismiss, a complaint must allege 'sufficient ultimate facts' showing entitlement to relief.  While we must accept the facts alleged as true and make all reasonable inferences in favor of the pleader . . . conclusory allegations are insufficient."); Turnberry Vill. N. Tower Condo. Ass'n, Inc. v. Turnberry Vill. S. Tower Condo. Ass'n, Inc., 224 So. 3d 266, 267 (Fla. 3d DCA 2017) ("Appellant . . . appeals from an order dismissing, with prejudice, its amended complaint, which asserted a claim for . . . a breach of fiduciary duty.  We affirm the trial court's order, as appellant's amended complaint failed to set forth 'a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.'  Appellant's amended complaint contained . . . only conclusory [or vague] allegations . . . .  This is insufficient to withstand a motion to dismiss." (quoting Fla. R. Civ. P. 1.110(b)).