948 So.2d 848 (2007)
Elizabeth A. OSTUNI, as Personal Representative of Anthony John Ostuni, deceased, Appellant,
v.
MEINEKE DISCOUNT MUFFLER SHOPS, INC., a Foreign Corp., William R. Ufer, Sr., William R. Ufer, Jr., Rex-Douglas Corporation, a Florida corporation, Gordon Cade, Carole Colarusso d/b/a Transmission King, B.K. Capitol Group, Inc., and State Auto Insurance Companies, a Florida corporation, Appellees.
No. 4D05-2531.
District Court of Appeal of Florida, Fourth District.
January 31, 2007.
Howard T. Sutter of Boyd & Sutter, P.A., Jacksonville, for appellant.
Hinda Klein of Conroy, Simberg, Ganon, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, and Richard M. Gomez of Law Offices of Roland Gomez, Miami, for appellee Meineke Discount Muffler Shops, Inc., a foreign corporation.
Jeanne C. Brady and Frank R. Brady of Brady & Brady, P.A., Boca Raton, for *849 appellees William R. Ufer, Sr. and Rex-Douglas Corporation, a Florida corporation.
Fred L. Fulmer of Law Offices of Fred Land Fulmer, P.A., Fort Lauderdale, for appellees William R. Ufer, Jr., Rex-Douglas Corporation, a Florida corporation, and Gordon Cade.
James G. Salerno of Peterson Bernard, Fort Lauderdale, for appellee State Auto Insurance Companies, a Florida corporation.
PER CURIAM.
Anthony Ostuni was shot and killed during a robbery at a Meineke Discount Muffler Shop where he worked as a mechanic. His widow, Elizabeth Ostuni, filed for and received workers' compensation benefits. Later, she filed a wrongful death suit against the employer (a Meineke franchise), the Meineke franchisor, a father and son connected to the franchise (the Ufers), and various employees of the franchise.
To plead around the problem of workers' compensation immunity, one iteration of the complaint alleged Anthony Ostuni's status as a business invitee of the franchise, which was not true. The lawsuit alleged multiple theories of liability against many defendants: that the franchisee was the actual or apparent agent of the franchisor; that the franchisee was the actual or apparent agent for the Ufers; that the Ufers were the actual or apparent agents for the franchisee; that the franchisor was directly negligent under the franchise agreement; that the Ufers were negligent as franchisees or directly negligent under the franchise agreement; and that the Ufers, the franchisor, and franchisees were negligent in causing Ostuni's wrongful death.
The trial court granted the defendants' motion for summary judgment and a motion filed by an insurer in a related declaratory judgment action. We affirm in all respects, finding that the non-insurer appellees were "other person[s]" who acted in a "managerial or policymaking capacity" within the meaning of section 440.11(1), Florida Statutes (1998). To the extent that some of the causes of action rely on the vicarious liability of those acting through agents with workers' compensation immunity, then no cause of action exists under Mobil Oil Corp. v. Bransford, 648 So.2d 119, 121 (Fla.1995), which holds that if an apparent "agent cannot be held liable, neither can the principal, because there is nothing to impute." Ostuni relies upon Gulfstream Land & Development Corp. v. Wilkerson, 420 So.2d 587 (Fla. 1982), but we find that case to be inapplicable because it predates the 1988 revision of section 440.11(1).
Affirmed.
WARNER, GROSS and TAYLOR, JJ., concur.