**William LAPIDUS, Plaintiff,**

v.

**NCL AMERICA LLC, aka NCL America, et al., Defendants.**

**Case No. 12–21183–CIV.**

United States District Court,
S.D. Florida.

Feb. 14, 2013.

Carlos Felipe Llinas Negret, Jason Robert Margulies, Lipcon Margulies, Alsina & Winkleman, P.A., Miami, FL, for Plaintiff.

Joseph J. Goldberg, Melissa Lynne Button, Henry Salas, Cole, Scott & Kissane P.A., Darren Wayne Friedman, Elisha Sullivan, Jeffrey Eric Foreman, Foreman Friedman, PA, Miami, FL, for Defendants.

## ORDER GRANTING, IN PART, DEFENDANT NCL AMERICA'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

PATRICIA A. SEITZ, District Judge.

THIS MATTER came before the Court upon Defendant NCL America LLC's ("NCL") Motion to Dismiss the Second Amended Complaint [DE 39]. Plaintiff alleges that while he was a passenger on Defendant NCL America's ("NCL") ship, *Pride of America,* he suffered a heart attack during an excursion in Volcanoes National Park in Hawaii. Having reviewed the Motion to Dismiss [DE 39], Plaintiff's response [DE 46], NCL's reply [DE 50], and Plaintiff's Notice of Supplemental Authority [DE 55], the Court will grant, in part, and deny, in part, NCL's Motion to Dismiss the Second Amended Complaint.

As to Count I, the Court will dismiss Plaintiff's negligence claim for breach of a duty to warn with respect to the arduous hike over uneven, jagged, and very sharp terrain and climbing the steep steps in the lava tube because these are open and obvious conditions as a matter of law for which NCL has no duty to warn. The Court will also dismiss Plaintiff's negligence sub-claim against NCL for failure to provide prompt, proper, or adequate first aid to Plaintiff and failing to assist the Plaintiff to obtain adequate medical care on a timely basis because the allegations are conclusory and lack factual underpinnings. However, the Court will deny NCL's motion to dismiss Plaintiff's negligence claim based on a failure to warn of the danger of volcanic gasses present during the excursion in Volcanoes National Park. The issues raised are more appropriately addressed on summary judgment. Moreover, the Court will dismiss Counts III and IV for apparent agency/agency by estoppel and joint ven-

ture because Plaintiff fails to allege any facts to state a plausible claim as to the Excursion Entities' negligence. The factual allegations in the Second Amended Complaint focus exclusively on NCL's alleged negligence, including the failure to warn of dangerous gasses and the arduous hike. Lastly, the Court will grant NCL's motion to dismiss Count V, the third party beneficiary claim, because Plaintiff has not sufficiently alleged facts to state a cause of action under this theory.

## I. BACKGROUND [1]

Plaintiff, a seventy-five year old man, was a fare-paying passenger on the NCL ship *Pride of America*. While Plaintiff was on the ship, NCL recommended that he purchase an excursion to Volcanoes National Park ("the excursion"), which was scheduled to take place during the time that the ship was docked in Hawaii. NCL represented to Plaintiff that the shore excursion was a "level 1," meaning that the level of activity required was the easiest, least active of all shore excursions. NCL also represented to Plaintiff that there were no notable restrictions or warnings regarding health or safety for passengers who purchased the excursion and participated in it NCL did not disclose to Plaintiff that the National Park Service had issued warnings concerning the conditions in Volcanoes National Park, including that fumes (volcanic gasses) are hazardous to everyone's health, and that visitors with health or breathing problems, infants, young children, and pregnant women are specially at risk and should avoid being in areas where fumes persist.

Plaintiff purchased a ticket to the excursion from NCL onboard the ship. On April 19, 2011, Plaintiff participated in the excursion, which was owned and/or operated by Defendants Polynesian Adventure Tours, Inc. and Polynesian Adventure Tours, LLC (the "Excursion Entities"), who are Hawaii corporations. During the excursion, Plaintiff was required to engage in an arduous hike over uneven, jagged, and very sharp terrain and climb steep steps out of a lava tube without adequate assistance. Due to the hazardous conditions inside the lava tube, including the presence of toxic fumes (volcanic gasses) such as high amounts of sulphur dioxide gas, Plaintiff was unable to breathe, collapsed, and suffered a heart attack.

Thereafter, Plaintiff sued NCL and the Excursion Entities alleging that his heart attack was caused by NCL's negligence. The Court granted NCL's Motion to Dismiss the Amended Complaint because, although Plaintiff had adequately pled facts to support his claims for apparent agency and joint venture, he had failed to sufficiently allege facts to support his negligence claim and his assertion that he was the third party beneficiary of a contract between NCL and the Excursion Entities. [DE 29]. The Court granted Plaintiff leave to replead his negligence and third party beneficiary claims. In his Second Amended Complaint [DE 30], Plaintiff asserts 29 negligence sub-claims against NCL in Count I. [*Id.* at ¶ 42]. In Count II, Plaintiff alleges that the Excursion Entities were negligent in 37 ways.[2] In Count III, Plaintiff maintains that the Excursion Entities were NCL's apparent agents or agents by estoppel. In Count IV, Plaintiff contends that NCL and the Excursion Entities engaged in a joint venture. Lastly, in Count V, Plaintiff claims

---

**1.** Unless otherwise noted, the factual background is derived from Plaintiffs Second Amended Complaint [DE 30] as the Court must accept all factual allegations as true and construe them in the light most favorable to the Plaintiff. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir.2010).

**2.** In a concurrently issued Order, the Court granted the Excursion Entities' Motion to Dismiss for lack of personal jurisdiction.

that he is a third party beneficiary of a contract between NCL and the Excursion Entities that was breached. Presently before the Court is NCL's Motion to Dismiss the Second Amended Complaint [DE 39].

## II. DISCUSSION

### A. *Legal Standard*

A Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted" tests the sufficiency of the allegations in the complaint. FED.R.CIV.P. 12(b)(6). In ruling on a motion to dismiss, the Court accepts the well-pleaded factual allegations as true and construes them in the light most favorable to the Plaintiff. *Speaker v. U.S. Dept. of Health and Human Serv.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To survive a motion to dismiss, a "complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir.2009) (*citing Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

### B. *Plaintiff States a Claim for Negligence Against NCL*

■ NCL moves to dismiss Plaintiff's negligence claim because (1) Plaintiff has failed to allege that NCL was aware of any facts that would have put it on notice that the shore excursion posed an unreasonable danger to the Plaintiff; (2) Plaintiff has alleged duties over and above what is legally required of NCL; and (3) NCL did not have a duty to warn Plaintiff of open and obvious conditions. [DE 39 at 3–9]. To plead negligence generally, a plaintiff must allege facts showing that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir.2012) (*citing Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir.2008) (per curiam)).

#### 1. Duty of Care

■ In *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959), the U.S. Supreme Court held that "the owner of a ship in navigable waters owes to all who are on board ... the duty of exercising reasonable care under the circumstances of each case." This "standard [ ] requires, as a prerequisite to imposing liability that the carrier have had actual or constructive notice of the risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir.1989). Recently, a panel of the Eleventh Circuit recognized that the holding in *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So.2d 248, 251 (Fla. 3d DCA 1985) that a cruise line owes its passengers a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit "is consonant with the federal maritime standard of 'ordinary reasonable care under the circumstances.'" *Chaparro*, 693 F.3d at 1336 (*quoting Keefe*, 867 F.2d at 1322). Accordingly, the exercise of reasonable care is defined as the duty to warn of dangers on shore that are not open and obvious, of which the cruise

line had actual or construction knowledge, and that exist in places where passengers are invited or reasonably expect to visit. *See id.; Smolnikar v. Royal Caribbean Cruises, Ltd.,* 787 F.Supp.2d 1308, 1322–23 (S.D.Fla.2011) (citations omitted).

## 2. Breach of the Duty to Warn

NCL asserts that Plaintiff has not adequately alleged a breach of a duty of care because the conditions (arduous terrain and sulphur dioxide) that Plaintiff claims caused his injuries are open and obvious and, as such, NCL had no duty to warn of these conditions. NCL also maintains that Plaintiff has failed to allege that NCL was aware of any facts that would have put it on notice that the shore excursion posed an unreasonable danger to the Plaintiff. [DE 39 at 5–9].

### a. Open and Obvious Condition

■ First, to the extent that Plaintiff contends that the exertion from the hike over uneven, jagged, and very sharp terrain and climbing the steep steps caused or contributed to his heart attack, the terrain on the hike and the steep steps are open and obvious conditions as a matter of law. There is no material distinction between uneven terrain on a hike, which has been found to constitute an open and obvious condition, *see Henretig v. United States,* 490 F.Supp. 398, 405 (S.D.Fla.1980) (holding that defendant has no duty to warn of the steepness of the trail, the presence of gravel, and the lack of boardwalks or hand rails in Yellowstone National Park because these conditions are obvious), and the terrain and steps Plaintiff

encountered in the lava tube. These conditions are visible to the eye and Plaintiff could have chosen not to hike over the terrain and to climb the steps to avoid physical exertion. As such, because the terrain and the steep steps are open and obvious conditions, NCL had no duty to warn Plaintiff about them.

■ NCL also maintains that it did not have a duty to warn Plaintiff of the volcanic gasses, including the alleged high amounts of sulphur dioxide gas, that Plaintiff encountered in the lava tube because gasses are open and obvious conditions that naturally occur in the environment. At the motion to dismiss stage, the Court must disagree.[3] The cases NCL relies upon concern conditions that are visible to the eye and/or that a person would reasonably expect to encounter in a particular environment. *See e.g. Young v. Carnival Corp.,* 2011 WL 465366, at *3–4, 2011 U.S. Dist. LEXIS 10899, at *10–12 (S.D.Fla. Feb. 4, 2011) (holding that encountering uneven terrain while on a hike over a boulder field to a glacier is open and obvious to an experienced hiker); *Balachander v. NCL Ltd.,* 800 F.Supp.2d 1196, 1203 (S.D.Fla.2011) (the danger of drowning in the ocean is open and obvious as a matter of law); *Isbell v. Carnival Corp.,* 462 F.Supp.2d 1232, 1238 (S.D.Fla.2006) (holding that the presence of animals in a river in the rainforest is obvious and apparent); *Henretig,* 490 F.Supp. at 405 (holding that the steepness of the trail, the presence of gravel, and the lack of boardwalks or hand rails in Yellowstone National Park are obvious conditions).[4] Here, there are no alle-

---

**3.** The parties have not addressed the commonly known fact that sulphur dioxide has a particular smell that is noticeable.

**4.** NCL also relies upon *Locke v. Liquid Air Corp.,* 725 F.2d 1331, 1334 (11th Cir.1984). However, in that case, the Court of Appeals applied Alabama law and found that the Alabama Supreme Court had repeatedly found

that water hazards are not an attractive nuisance because water, even when concealing a submerged hazardous condition, "is an obvious and patent danger reasonably appreciated by a child of sufficient maturity to be allowed abroad without supervision."

gations in the Second Amended Complaint to suggest that volcanic gasses are visible to the eye or that the amount of the gas present during the excursion was open and obvious. Indeed, Plaintiff alleges that the "toxic volcanic gasses that harmed [him] were hidden and invisible to the naked eye." [DE 30 at ¶ 52]. Moreover, Plaintiff alleges that he is not a geologist and does not live near or around an area with volcanoes, lava fields, and/or related geological conditions and is otherwise unfamiliar with such areas. Plaintiff also alleges that he has no knowledge of the hazards posed by being in the vicinity of lava fields and volcanos. [*Id.* at ¶ 51]. As such, at this stage of the case, Plaintiff has pled the minimal facts that support the allegation that Plaintiff encountered and suffered harm from a danger that is not open and obvious. Accordingly, this issue would be more appropriately addressed on a motion for summary judgment with the assistance of a developed factual record.

### b. NCL's Actual or Constructive Knowledge of the Danger

 Because the presence of the gasses is not always an open and obvious condition as a matter of law, the Court must address whether Plaintiff has adequately alleged that NCL had actual or constructive knowledge of the danger presented by the gasses in Volcanoes National Park to trigger NCL's duty to warn. "[T]he duty to warn is limited to dangers known to exist in the particular place where the passenger is invited to, or reasonably expect to visit." *Carlisle,* 475 So.2d at 251. Additionally, there is no duty to warn of an unforeseeable danger. *Daigle v. Point Landing, Inc.,* 616 F.2d 825, 827 (5th Cir.1980).[5] The danger(s) NCL knew or reasonably should have

known about and failed to warn Plaintiff of must be the specific danger that caused Plaintiff's alleged injuries. *See McLaren v. Celebrity Cruises, Inc.,* 2012 WL 1792632, at *9, 2012 U.S. Dist. LEXIS 68321, at *29 (S.D.Fla. May 16, 2012) (holding that plaintiff adequately pled her failure to warn claim where she alleged that Celebrity owed a duty to warn based upon its knowledge of a dangerous condition specific to both the excursion involved and the place of the accident) (*citing Koens v. Royal Caribbean Cruises, Ltd.,* 774 F.Supp.2d 1215, 1220 (S.D.Fla.2011)).

In paragraph 34 of the Second Amended Complaint, Plaintiff alleges that NCL knew or should have known of the dangerous conditions the Plaintiff would encounter in Volcano National Park because the National Park Service:

a. Describes the terrain in the area as an extremely arduous and challenging hike that should only be attempted by the most physically fit people;

b. Warns that lava fields are uneven, jagged and very sharp;

c. Recommends that all skin should be covered, and that joggers should be provided with at least: 3 liters of water, rain-jackets, gloves, long sleeve pants, long sleeve shirts, a first aid kit, good shoes, one flash light and a compass;

d. Warns that lava deltas and adjacent areas both inland and out to sea are some of the most hazardous in the flow field;

e. Warns that the steam plume by lava contains fine lava fragments and an assortment of acid droplets tha[t] can have a harmful effect on health;

f. Warns that rapidly changing conditions near and around the lava flows

---

5. The Eleventh Circuit has adopted, as binding precedent, decisions of the Fifth Circuit handed down prior to October 1, 1981. *Bonner v. Prichard,* 661 F.2d 1206 (11th Cir. 1981).

have been responsible for many injuries and a few deaths;

g. Warns that fumes (volcanic gasses) are hazardous to everyone's health, and that visitors with heart or breathing problems, infants, young children, and pregnant women are specially at risk and should avoid being in areas where fumes persist;

h. Warns that the new eruptive vent in Halema'uma'u Crater, Sulphur Banks and Pu'u'O'o vent generate high levels of gasses that may affect visitors even those visitors who are healthy.

[DE 30 at ¶ 34 a-h]. Plaintiff also alleges that:

Several other tour operators of Volcano National Park provide brochures and/or marketing materials regarding their tours of Volcano National Park, to land based facilities in and around Hawaii which include warnings regarding the hazardous fumes which are abundant in Volcano National Park. Nevertheless, these warnings are absent from any descriptions or materials provided by the Defendants to the Plaintiff in recommending and/or marketing the subject excursion.

[*Id.* at ¶ 35].

The allegations set forth in paragraphs 34a through 34f are unrelated to the alleged specific danger (volcanic gasses/high amounts of sulphur dioxide gas) that caused Plaintiff's injury.[6] Moreover, it is unclear from the Second Amended Complaint whether the allegation regarding the eruptive vent and gasses in Halema'uma'u Crater, Sulphur Banks and Pu'u'O'o, [DE 30 at ¶ 30h], relates to Plaintiff's injury as Plaintiff does not allege where in Volcanoes National Park his heart attack occurred.

However, Plaintiff's allegation that the National Park Service has warned that fumes (volcanic gasses) are hazardous to everyone's health, and that visitors with heart or breathing problems are specially at risk and should avoid being in areas where fumes persist, [*Id.* at ¶ 30g], states a claim for breach of the duty to warn. This is because, to survive a motion to dismiss, it is sufficient for Plaintiff to allege that NCL should have reasonably known about and conveyed a warning issued by the National Park Service, an entity that is part of a federal governmental agency, where the warning is specific to the place where the injury occurred and to the danger that caused the injury. Additionally, Plaintiff's allegation that other tour operators provided warnings in their brochures and/or marketing materials regarding the hazardous fumes that are abundant in Volcanoes National Park, [DE 30 at ¶ 35], further supports Plaintiff's assertion that NCL reasonably should have known about the hazardous fumes, and, therefore, should have warned Plaintiff about them.

NCL maintains that Plaintiff has not stated a claim for failure to warn because he "has not alleged that NCL had any knowledge superior to that of the National Park Service, or of the Plaintiff himself, such that it [NCL] had any notice of an unreasonable danger posed by conditions in Volcanoes National Park on the day of the subject incident." [DE 39 at 5]. While the Court agrees that to prevail on his negligence claim, Plaintiff must prove that at or before the time Plaintiff went on the excursion, NCL knew or reasonably should have known of the National Park Service's warning regarding the volcanic gases at Plaintiff's expected location, Plaintiff has sufficiently pled enough facts at this stage

---

6. Although the warnings concerning the terrain, [DE 30 at ¶¶ 34a, 34b], relate to Plaintiff's claim that his injury was caused, at least in part, by the hike and climbing steep steps, these conditions are open and obvious conditions of which NCL had no duty to warn.

allow his claim to go forward. To the extent that NCL argues that it had no duty to warn unless it knew of a danger that the National Park Service had not warned about or that it had no duty to warn because Plaintiff could have discovered the National Park Service warning himself, NCL offers no legal authority to support these contentions.[7] Thus, the Court finds that Plaintiff has adequately pled breach of the duty to warn with respect to the volcanic gases.

### c. Breach of the Duty to Provide First Aid and to Assist Plaintiff to Obtain Medical Care

NCL seeks dismissal of Plaintiff's claims for failure to provide prompt, proper, or adequate first aid to Plaintiff and failing to assist the Plaintiff to obtain adequate medical care on a timely basis. [DE 30 at ¶¶ 42n, 42o]. In granting NCL's Motion to Dismiss the negligence claim asserted in the Amended Complaint, the Court found that Plaintiff's allegations were too conclusory to state a claim for a breach of a duty to provide prompt, proper, first aid to Plaintiff and to assist the Plaintiff to obtain adequate medical care on a timely basis. [DE 29 at 7–8]. The conclusory allegations asserted in the Second Amended Complaint are the same as those previously pled. As such, the Court will dismiss these claims [DE 30 at ¶¶ 42n, 42o] with prejudice.

### C. Plaintiff Fails to State a Claim for Negligence Against the Excursion Entities as NCL's Apparent Agents/Joint Venturers

■ In Counts III and IV of the Second Amended Complaint, Plaintiff makes the same allegations of apparent agency/agency by estoppel and joint venture as he did in the Amended Complaint. However, there are no facts in the Second Amended Complaint to show that the Excursion Entities failed to perform a duty owed to Plaintiff that proximately caused his injuries. The factual allegations in the Second Amended Complaint focus exclusively on NCL's failure to warn Plaintiff of the dangers on the excursion, which it offered and for which it sold tickets. Thus, the basic factual premise for the legal theories of liability for apparent agency and joint venture are missing. Accordingly, the Court must dismiss Counts III and IV of the Second Amended Complaint.

### D. Plaintiff Fails to State a Claim for Third Party Beneficiary

■ To properly plead a breach of a third-party beneficiary contract, Plaintiff must allege (1) the existence of a contract

---

7. Recently, the Eleventh Circuit held that the plaintiffs adequately stated a claim for negligence against Carnival where a passenger was fatally shot by gang members in the Virgin Islands and Carnival was aware of gang-related violence and crime, including public shootings, in the area. *Chaparro*, 693 F.3d at 1336–37. There, plaintiffs alleged in the Complaint that Carnival knew or should have known about the gang violence in St. Thomas and the Virgin Islands based on a statement by the Virgin Islands' attorney general concerning revenge killings and turf wars, media reports on the escalating crime problem in St. Thomas, and various port agents, shore side employees, and club representatives that monitor crime rates in the Caribbean and Mexico. Case No. 11–21890–CIV–GRAHAM (DE 1 at ¶¶ 26–42). Accordingly, despite the fact that Carnival may not have known more man the attorney general and the media about the gang violence and that plaintiffs could have discovered the gang violence by leading the media reports and listening to the attorney general's statement, the Eleventh Circuit nonetheless found that the plaintiffs adequately stated a claim for failure to warn.

in which plaintiff is not a party, (2) "an intent, either expressed by the parties, or in the provisions of the contract, that the contract primarily and directly benefit" the plaintiff, (3) breach of that contract by one of the parties, and (4) damages to plaintiff resulting from the breach." *Rinker v. Carnival Corp.*, 753 F.Supp.2d 1237, 1243–44 (S.D.Fla.2010) (*quoting Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So.2d 1028, 1031 (Fla. 4th DCA 1994)). In the Order Granting NCL's Motion to Dismiss the Amended Complaint, [DE 29 at 12], the Court instructed Plaintiff that he must allege facts indicating that NCL and the Excursion Entities clearly manifested an intent for the contract to benefit him or he must plead the specific contractual provision(s) intended to benefit him in order to state a claim for third party beneficiary. Additionally, Plaintiff must allege facts demonstrating that NCL breached the contract. [*Id.*]. The Second Amended Complaint contains that same allegations as the Amended Complaint, which this Court found insufficient to state a claim for third party beneficiary.

Plaintiff maintains that the parties' intent is a factual issue that should not be resolved at the motion to dismiss stage. [DE 46 at 16–17]. However, to survive a motion to dismiss, a "complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Here, Plaintiff alleges that "[t]he contract between the parties clearly manifested the intent of the con-

tracting parties that the contract primarily and directly benefits the Plaintiff third party by requiring the Excursion Entities to maintain insurance and/or exercise reasonable care in the operation of the subject excursion." [DE 30 at ¶ 84]. However, these allegations do not demonstrate that the contract was intended to primarily and directly benefit the Plaintiff. Plaintiff does not allege the Excursion Entities breached the contract by failing to maintain insurance nor does he allege how the Excursion Entities' maintenance of insurance would benefit him. The allegation that the Excursion Entities agreed to exercise reasonable care also does not adequately plead that NCL and the Excursion Entities intended to primarily and directly Plaintiff because even if the contract contains this language, a breach of contract claim for passengers must be based on an express provision in the contract guaranteeing safe passage, which Plaintiff has not alleged. *See Gayou v. Celebrity Cruises*, 2012 WL 2049431, at *11, 2012 U.S. Dist LEXIS 77536, at *34–35 (S.D. Fla. June 5, 2012) (dismissing third party beneficiary claim where contract stated only that the excursion "will satisfy the highest standards in the industry"); *Gentry v. Carnival Corp.*, 2011 WL 4737062, at *8, 2011 U.S. Dist. LEXIS 114841, at *22 (S.D.Fla. Oct. 5, 2011) (passenger's only remedy is in negligence unless passenger's contract of carriage guarantees safe passage) (collecting cases). Thus, the Court will dismiss Plaintiff's claim for third party beneficiary (Count V). This is Plaintiff's third attempt to adequately plead Count V. Accordingly, the Court will dismiss this claim with prejudice.

## III. CONCLUSION

For the reasons set forth above, only Plaintiff's claims based on a direct theory

of negligence against NCL will proceed. Accordingly, it is

ORDERED THAT

Defendant NCL's Motion to Dismiss [DE 39] is GRANTED IN PART AND DENIED IN PART as follows:

- DENIED with respect to Plaintiff's negligence claim related to the failure to warn of the presence of volcanic gases on the excursion.

- GRANTED WITH PREJUDICE as to Plaintiff's negligence claim related to the failure to warn of the terrain on the hike and the steep steps Plaintiff encountered on the excursion.

- GRANTED WITH PREJUDICE as to Plaintiff's claims for failure to provide prompt, proper, or adequate first aid to Plaintiff and failing to assist the Plaintiff to obtain adequate medical care on a timely basis.

- GRANTED WITH PREJUDICE as to Plaintiff claim for Apparent Agency (Count III).

- GRANTED WITH PREJUDICE as to Plaintiff claim for Joint Venture (Count IV).

- GRANTED WITH PREJUDICE with respect to Plaintiff's claim for Third Party Beneficiary (Count V).