**Rosa ROJAS & Julian Collazos,**
**Plaintiffs,**

v.

**CARNIVAL CORPORATION, d/b/a**
**Carnival Cruise Lines,**
**Defendant.**

**Case No. 13–21897–CIV.**

United States District Court,
S.D. Florida.

Signed Feb. 17, 2015.

Carlos Raul Diez–Arguelles, Diez–Arguelles, Tejedor, Orlando, FL, Mark R. Berlick, Melkus Fleming & Gutierrez, Tampa, FL, for Plaintiffs.

Darren Wayne Friedman, Jeffrey Eric Foreman, Marcus G. Mahfood, Foreman Friedman, PA, Miami, FL, for Defendant.

***OMNIBUS ORDER GRANTING DEFENDANTS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (D.E. 59). ORDERING THAT PLAINTIFFS HAVE FOURTEEN DAYS TO FILE A SECOND AMENDED COMPLAINT, AND ORDERING THE PARTIES TO FILE AN AMENDED JOINT SCHEDULING REPORT AND FORM***

JOAN A. LENARD, District Judge.

**THIS CAUSE** is before the Court on Defendant Carnival Corporation's Motion to Dismiss Plaintiffs' Amended Complaint (D.E. 59), filed October 13, 2014. Plaintiff's Rosa Rojas and Julian Collazos filed

their Response (D.E. 63) on October 29, 2014, to which Defendant filed a Reply (D.E. 66) on November 10, 2014. Upon review of the Motion. Response, Reply, and record, the Court finds as follows.

## I.  Background [1]

Plaintiff's filed their initial Complaint (D.E. 1) on May 29, 2013. On September 26, 2014. the Court found that Plaintiffs' Complaint was insufficient under the pleading requirements set forth in the Federal Rules of Civil Procedure because the Complaint asserted multiple causes of action against Defendant in a single count. (D.E. 54).  Consequently, the Court denied Plaintiffs' Complaint as moot and provided Plaintiffs until and including September 26, 2014, to file an amended complaint.

Plaintiffs filed the First Amended Complaint (D.E. 56) on September 25.2014. The First Amended Complaint is the operative complaint in this case.  In the First Amended Complaint.  Plaintiffs allege that they sustained injuries during an accident that occurred while they were on a three-day cruise aboard the Carnival Sensation. (D.E. 56 ¶ 8).  On the date of the accident, the Sensation was docked at port in Nassau. Bahamas. (*Id.* ¶ 10).  Plaintiffs disembarked and "exited into the Nassau cruise ship port area, which had a variety of vendors who provided cruise ship excursions." (*Id.* ¶ 13).  Several of the vendors were scooter companies. (*Id.* ¶ 14). Plaintiffs rented a scooter from Fahtia Enterprises Rental (Fahtia). (*Id.* ¶ 16). "Approximately half a mile after leaving the cruise ship port area, suddenly and without warning the brakes on the scooter failed, causing Plaintiffs to hit a light pole." (*Id.* ¶ 19).  As a result.  Plaintiffs suffered "significant injuries." (*Id.* ¶ 20).

In the two-count First Amended Complaint, Plaintiffs allege that Defendant breached its duty to exercise reasonable care for their safety when it negligently failed to (1) "provide adequate warnings or instructions to Plaintiffs regarding scooter vendors in the cruise ship port area, when they knew or should have known of prior accidents involving cruise passengers and scooters in the port of call" and (2) "secure air-ambulance transportation to Florida, in a reasonable amount of time, despite undertaking the duty and responsibility to provide said transportation and despite the Defendant's recommendation the Plaintiff. JULIAN COLLAZO, not undergo surgery in the Bahamas." (*Id.* ¶¶ 24, 32).  Plaintiffs also appear to allege that Fahtia was an apparent agent of Defendant. (*Id.* ¶ 17).

In its Motion to Dismiss, Defendant asserts that Plaintiffs' negligence claims fail to state a claim upon which relief may be granted because Defendant (1) had no duty to warn Plaintiffs and (2) had no duty to provide air ambulance service to its passengers. (*See* D.E. 59).  Plaintiffs respond that they have pled sufficient facts to support their claims against Defendant. (*See* D.F. 63).  The parties also dispute whether Plaintiffs have sufficiently alleged a claim for "apparent agency." (*See* D.E. 59 at 9–10.  D.E. 63 at 10).

## II.  Legal Standards and Applicable Law

"Under Federal Rule of Civil Procedure 8(a)(2). a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Fed.R.Civ.P. 8).  While a complaint does not need to set forth detailed factual allegations.  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-

---

[1].  The factual allegations in Plaintiffs' First Amended Complaint are taken as true. *See*

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997).

harmed-me accusation." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. Accordingly, to survive Defendant's Motion to Dismiss, Plaintiffs' First Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Pleading facts that are "merely consistent with" Defendant's liability "slops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955) (internal quotation marks omitted).

With respect to the law applicable to Plaintiffs' claims, the parties agree that maritime law governs.

> federal maritime law applies to actions arising from alleged torts "committed aboard a ship sailing in navigable waters." *See Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir.1989). This principle extends to torts occurring at offshore locations or ports-of-call during the course of a cruise. *See Doe v. Celebrity Cruises, Inc.,* 394 F.3d 891, 901 (11th Cir.2004). *See also Isbell v. Carnival Corp.,* 462 F.Supp.2d 1232, 1236 (S.D.Fla.2006) (applying federal maritime law in negligence action against cruise line company stemming from accident occurring during an offshore excursion).

> General maritime law is "an amalgam of traditional common-law rules. modifications of those rules, and newly created rules." *See East River Steamship Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 864–65, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). *See also Brockington v. Certified Elec., Inc.,* 903 F.2d 1523, 1530 (11th Cir.1990). In the absence of well-developed maritime law pertaining to [Plaintiffs] negligence claims, [the Court] will incorporate general common law principles and Florida state law to the extent they do not conflict with federal maritime law. *See Just v. Chambers,* 312 U.S. 383, 388, 61 S.Ct. 687, 85 L.Ed. 903 (1941) ("With respect to maritime torts we have held that the State may modify or supplement the maritime law by creating liability which a court of admiralty will recognize and enforce when the state action is not hostile to the characteristic features of the maritime law or inconsistent with federal legislation."). *See also Becker v. Poling Transp. Corp.,* 356 F.3d 381, 388 (2nd Cir.2004) ("federal maritime law incorporates common law negligence principles generally, and [state] law in particular"): *Wells v. Liddy,* 186 F.3d 505, 525 (4th Cir.1999) (in the absence of a well-defined body of maritime law relating to a particular claim, the general maritime law may be supplemented by either state law or general common law principles).

*Smolnikar v. Royal Caribbean Cruises Ltd.,* 787 F.Supp.2d 1308, 1315 (S.D.Fla. 2011).

### III. Discussion

■ "To plead negligence in a maritime case, a plaintiff must allege that (I) the defendant had a duty to protect the plaintiff from a particular injury: (2) the defendant breached that duty: (3) the breach actually and proximately caused the plaintiffs injury: and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.,* 772 F.3d 1225, 1253 (11th Cir.2014) (citation and internal quotation marks omitted). "It is a settled principle of maritime law that a shipowner owes passengers the duly of exercising reasonable care under the circumstances." *Isbell,* 462 F.Supp.2d at 1236 (citing *Keefe,* 867 F.2d at 1322).

### A. Failure to Warn

■ "[W]here [a] menace is . . . encountered on land and [is] not clearly linked to

nautical adventure.'" *Keefe,* 867 F.2d at 1322. "the exercise of reasonable care is defined as the duty to warn of dangers on shore that are not open and obvious, of which the cruise line had actual or constructi[ve] knowledge, and that exist in places where passengers are invited or reasonably expect to visit." *Lapidus v. NCL Am., LLC,* 924 F.Supp.2d 1352, 1356–57 (S.D.Fla.2013). "[T]his duty to warn extends only to *specific,* known dangers particular to the places where passengers are invited or reasonably expected to visit, not to general hazards." *Aronson v. Celebrity Cruises, Inc.,* 30 F.Supp.3d 1379, 1392–93 (S.D.Fla.2014). Because Plaintiffs allege that their injuries occurred while they were on a shore excursion. Defendant owed Plaintiffs a duty to warn of hidden dangers of which it knew or should have known. Accordingly, to impose liability. Plaintiffs must have sufficiently alleged that Defendant knew or should have known of the danger that caused their injuries. *See Keefe,* 867 F.2d at 1322; *Lapidus,* 924 F.Supp.2d at 1356.

▬ Plaintiffs' negligence claim based on Defendant's failure to warn fails to state a claim because Plaintiffs have not alleged any facts from which it may be inferred that Defendant either knew or should have known of any dangerous or unsafe condition associated with scooter vendors or the scooters that such vendors rented in the port of call. Plaintiffs' First Amended Complaint contains only a catch-all allegation that Defendant "knew or should have known of prior accidents involving cruise passengers and scooters in the port of call." (D.E. 56 ¶ 24). "There are no allegations of prior injuries .... for example, or of any safety concerns or management problems that would have put [Defendant] on notice of a dangerous condition triggering a duty to warn passengers of the risk." *Aronson,* 30 F.Supp.3d at 1394; *see Gayou v. Celebrity Cruises, Inc.,* No. 11–23359–CIV, 2012 WL 2049431, at

*5 (S.D.Fla. June 5, 2012); *Gibson v. NCL (Bahamas) Ltd.,* No. 11–24343–CIV, 2012 WL 1952667, at *5 (S.D.Fla. May 30, 2012). Plaintiffs' First Amended Complaint comes closest to alleging a history of prior injuries or other safety concerns in paragraphs twelve and twenty-three:

12. Additionally. Plaintiffs never received adequate warnings from CARNIVAL CORPORATION to not rent scooters in Nassau, Bahamas, as they were poorly maintained, unsafe, dangerous instrumentalities and had a history of accidents.

23. In this instance Defendant had a duty to adequately warn Plaintiffs the scooter agencies in the port area had a history of inadequately maintaining their scooters along with their being a history of accidents involving scooters throughout the port of call.

(D.E. 56 ¶¶ 12, 23). These allegations, however, are conclusory and insufficient. Because Plaintiffs fail to allege sufficient factual matter to state a negligence claim based on Defendant's duty to warn, the Court dismisses Plaintiffs' failure-to-warn claim without prejudice. *See Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955); *see also Aronson,* 30 F.Supp.3d at 1394–95; *Gayou,* 2012 WL 2049431 at *5.

**B. Failure to Provide Aid Timely**

▬▬ Generally, a "shipowner is only liable to its passengers for medical negligence if its conduct breaches the carrier's more general duty to exercise reasonable care under the circumstances." *Franza,* 772 F.3d at 1246 (citation and internal quotation marks omitted). With respect to the treatment of ailing passengers, the exercise of reasonable care is defined as the "duty to ... furnish such aid and

assistance as ordinarily prudent persons would render under similar circumstances."[2] *Id.* at 1246 (citation and internal quotation marks omitted).

■ Plaintiff Collazo alleges that Defendant breached its general duty to exercise reasonable care under the circumstances by unreasonably delaying air-ambulance transportation for more than eight hours. (*Id.* ¶¶ 30–32). Collazo further alleges that:

> [a]s a direct result of ... Defendant's negligence, [he] suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of ability to earn an income, loss of past wages and income, loss of wages and income in the future, loss of capacity for the enjoyment of life, and expense of hospitalization and medical care.

(*Id.* ¶ 33).

Collazo's conclusory allegations are insufficient to state a negligence claim. Collazo alleges no facts describing how the alleged delay caused any injury or caused any existing injuries to worsen. Furthermore. Collazo fails to allege what specific injury he suffered as a result of the eight-hour delay. While Collazo need not set forth detailed factual allegations, he must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). Collazo asserts little more than mere labels and conclusion while reciting the elements of negligence. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Accordingly, the Court dismisses Collazo's failure-to-provide-timely-aid claim without prejudice.

## C. Apparent Agency [3]

■ "Apparent agency" is not a cause of action but rather a theory of liability. *See Franza*, 772 F.3d at 1249; *Gayou*,

---

**2.** Plaintiffs have cited to the recent opinion of the United States Court of Appeals for the Eleventh Circuit—*Franza*—in their Notice of filing Supplemental Authority (D.E. 69). Plaintiffs' reason for doing so, however, is unclear. Plaintiffs have not put forth any argument that relies on *Franza*. Plaintiffs merely "request[ ] the Court to consider *Franza*." (D.E. 69 at 1). In any event, the Court finds that the Eleventh Circuit's holding in *Franza* is inapplicable to Plaintiffs' case. In *Franza*, the plaintiff sought "to hold the [defendant] cruise line ... vicariously liable for the purported negligence of two of its employees, the ship's doctor and its nurse, under one of two theories: actual agency (also termed respondeat superior) or apparent agency." 772 F.3d at 1228. In reversing the district court and permitting the plaintiff's claims to go forward, the Eleventh Circuit declined to adopt the longstanding rule set forth most prominently in *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1368 (5th Cir.1988) that immunized a shipowner from respondeat superior liability whenever a ship's employees render negligent medical care to its passengers. 772 F.3d at 1228. In reaching its holding, the Eleventh Circuit noted that the plaintiff did "not argue that [the defendant] violated [its general duty to exercise reasonable care under the circumstances] directly. Rather, she asks us to hold [defendant] vicariously liable under the doctrine of respondeat superior, precisely because the ship's medical employees allegedly failed to treat her father with appropriate care." *Franza*, 772 F.3d at 1233. Here, Plaintiffs allege that Defendant breached its general duty to exercise reasonable care under the circumstances when it failed to timely secure air-ambulance transportation to Florida. (D.E. 56 ¶¶ 31–32). Plaintiffs do not seek to hold Defendant vicariously liable for any purported negligence of its employees. (*See* D.E. 56). Accordingly, the holding in *Franza* is inapplicable in this case.

**3.** The Court notes that, despite being ordered to "file an Amended Complaint, asserting each claim, alternative or otherwise, in a separate count." (D.E. 54 at 4), Plaintiff's failed to assert their purported apparent-agency claim in a separate count. Nevertheless, the Court will address the claim.

2012 WL 2049431 at *8 n. 4: *see also Barabe v. Apax Partners Europe Managers, Ltd.*, 359 Fed.Appx. 82, 84 (11th Cir. 2009) (holding that there is no cause of action for "agency"). "[T]he doctrine of apparent agency allows a plaintiff to sue a principal for the misconduct of an independent contractor who only reasonably appeared to be an agent of the principal." *Franza*, 772 F.3d at 1249. Thus, to hold a principal liable for the negligence of an apparent agent, a plaintiff must sufficiently allege the elements of apparent agency in addition to the elements of the underlying negligent act of the agent for which the plaintiff seeks to hold the principal liable. Plaintiffs appear to have overlooked this fact.

██ The Court finds that, even if Plaintiffs had adequately alleged the elements of apparent authority, Plaintiffs did not sufficiently allege a negligence claim against Fahtia for which they seek to hold Defendant vicariously liable. In fact. Plaintiffs assert no claim against Fahtia. Because Plaintiffs allege no underling negligence claim, the issue of whether Plaintiffs adequately alleged the elements of apparent authority is irrelevant. Therefore, the Court will not address the apparent-agency issue.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Carnival Corporation's Motion to Dismiss Plaintiffs' Amended Complaint (D.E. 59), filed October 13, 2014, is **GRANTED:**

2. Plaintiffs Rosa Rojas and Julian Collazos shall have until and including March 3, 2015, to file a Second Amended Complaint. This is the last opportunity for Plaintiffs to amend their complaint.

3. The parties shall have until and including February 24, 2015, to file an Amended Joint Scheduling Report and Form.

4. All pending motions are **DENIED WITHOUT PREJUDICE** with leave to refile.