Kevin FLAHERTY, Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD., Defendant.

CASE NO. 15–22295–CIV–LENARD/GOODMAN

United States District Court, S.D. Florida.

Signed March 23, 2016

Carlos Chardon of Hamilton Miller & Birthisel of Miami, FL, for Defendant.

Ben Murphey of Lawlor White & Murphey, LLP of Ft. Lauderdale, FL, Phil Parrish of Phil Parrish, PA of Miami, FL, Alan Green of Alan Green, PA of Weston, FL, for Plaintiff.

*ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT (D.E.61) AND DISMISSING COUNT TWO, THREE AND FOUR WITH PREJUDICE*

JOAN A. LENARD, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** is before the Court on Defendant Royal Caribbean Cruises, LTD's ("Royal Caribbean") Motion to Dis-

miss Plaintiff's Second Amended Complaint (D.E.53), filed on January 21, 2016. Kevin Flaherty ("Plaintiff") filed his Response (D.E.56) on February 16, 2016; and Royal Caribbean replied on March 7, 2016 (D.E.61). Upon review of the Motion, the response and reply thereto, and the record, the Court finds as follows.

## I. Background

The Court previously detailed the underlying factual allegations and procedural history of this case in its prior Order dismissing Plaintiff's Amended Complaint. (D.E.44.) The Court granted Defendant's Motion to Dismiss Plaintiff's Amended Complaint largely because of a single flaw that permeated throughout his pleading: Plaintiff never identified how he fell and how his fall was caused by Royal Caribbean or the tour guide's negligence. In his Second Amended Complaint (D.E.46), Plaintiff now pleads that he was instructed by the tour guides at Dunn's River Falls to hold hands with the other hikers and that his fall was caused when the girl whose hand he was holding slipped. Plaintiff claims Royal Caribbean either knew about or should have reasonably foreseen the danger associated with having co-hikers hold hands as they climbed the Dunn's River Falls, and should have warned him of this danger. (D.E.56.) Royal Caribbean asserts that Plaintiff has still insufficiently pleaded a claim for negligent failure to warn because he never identified what caused the girl whose hand he was holding to fall. (D.E. 53 and 61.) Royal Caribbean also argues Plaintiff has failed to state claims for negligent misrepresentation, negligent selection, and vicarious liability.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A formulaic recitation of the elements of the cause of action will not do," *id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955), and the allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal* 556 U.S. at 678, 129 S.Ct. 1937. When considering whether a complaint should be dismissed, the Court accepts the facts alleged in the Complaint as true, and construes all reasonable inferences in the light most favorable to plaintiffs. *See Bank v. Pitt*, 928 F.2d 1108, 1109 (11th Cir.1991).

Relying on these well-known standards, the Court will now review the claims in Plaintiff's Second Amended Complaint to determine whether he has sufficiently pleaded causes of action.

## III. Discussion

Plaintiff's Second Amended Complaint includes four counts outlining why Royal Caribbean is legally responsible for the injuries he sustained on his shore excursion: (1) Royal Caribbean breached its duty to warn Plaintiff of the dangerous practices utilized by local guides at Dunn's River Fall; (2) Royal Caribbean negligently misrepresented and advertised the tour; (3) Royal Caribbean negligently sold the tour despite knowing the tour guide it selected was incompetent; and (4) Royal Caribbean is vicariously liable for the neg-

ligence of its apparent agent—the guides at Dunn's River Falls.

## A. Count One: Negligent Failure to Warn

█ It is clearly established that cruise lines owe their passengers a duty to warn of known or foreseeable dangers. "[W]here [a] menace is ... encountered on land and [is] not clearly linked to nautical adventure," *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir.1989), "the exercise of reasonable care is defined as the duty to warn of dangers on shore that are not open and obvious, of which the cruise line had actual or constructi[ve] knowledge, and that exist in places where passengers are invited or reasonably expect to visit," *Lapidus v. NCL Am. LLC*, 924 F.Supp.2d 1352, 1356–57 (S.D.Fla. 2013). Royal Caribbean argues that it could not warn Plaintiff of the danger he faced, because his fall was caused when the girl holding his hand slipped and it is still unknown what caused the girl to fall.

█ This argument borders on the non-sensical. What caused the girl whose hand Plaintiff was holding to fall is irrelevant to whether Royal Caribbean had a duty to warn Plaintiff about the local tour guides' allegedly dangerous practice of telling hikers to hold hands. Plaintiff alleges that he would not have fallen "but for" the tour guides' instruction to hold hands. The Court also rejects any assertion that the dangers associated with the practice of holding hands while climbing Dunn's River Falls was an open and obvious condition. Without experience and knowledge of safe hiking practices, ordinary tourists would likely be unaware of the dangers associated with holding hands with fellow hikers. Therefore, Royal Caribbean—which allegedly had been made aware of these dangers because of multiple complaints it had received regarding the safety of this excursion—was in a position to warn its passengers of the danger.

Based on the factual allegations in Plaintiff's Second Amended Complaint, he has now stated a claim for negligent failure to warn.

## B. Count Two: Strict Liability or Misleading Advertising

Plaintiff correctly recognized that he had not stated a claim for negligent misrepresentation, and withdrew his threadbare allegations. (D.E. 56 at 6.) The Court assumes Plaintiff's withdrawal of Count 2 is an admission that he has insufficient facts to state a claim for negligent misrepresentation. Accordingly, Count 2 is dismissed.

## C. Count Three: Negligent Selection

█ The Court construes Count 3 as a claim for negligent selection/hiring. A principal may be subject to liability "for physical harm to third persons caused by [its] failure to exercise reasonable care to employ a competent and careful employee/agent/contractor to: (a) do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) perform any duty which the employer owes to third persons." *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F.Supp.2d 1308, 1318 (S.D.Fla.2011) (quoting *Suarez v. Gonzalez*, 820 So.2d 342, 345 (Fla. 4th DCA 2002)). To state a claim for negligent hiring or retention against a principal, a plaintiff must prove that "(1) the agent/employee/contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Id.* (citing *Davies v. Commercial Metals Co.*, 46 So.3d 71, 73–74 (Fla. 5th DCA 2010)). To satisfy the second element of a negligent hiring or reten-

tion claim, a plaintiff must allege facts "showing that the employer was put on notice of the harmful propensities of the [agent/employee/contractor]." *Stires v. Carnival Corp.*, 243 F.Supp.2d 1313, 1318 (M.D.Fla.2002) (citing *Willis v. Dade Cnty. Sch. Bd.*, 411 So.2d 245, 246 (Fla. 3rd DCA 1982)).

■ In his Second Amended Complaint, Plaintiff informs the Court for the first time that the guides at Dunn's River Falls were not employees of the shore excursion operator allegedly hired by Royal Caribbean, but were instead local guides hired by the Government of Jamaica to assist all tourists as they visit Dunn's River Falls. This revelation presents an insurmountable hurdle for Plaintiff's negligent selection claim. Plaintiff argues that he was harmed by the unsafe practices employed by the guides at Dunn's River Falls and that Royal Caribbean was negligent for selecting those guides. This argument has one fatal flaw: Royal Caribbean did not hire, retain or select the guides at Dunn's River Falls. The Government of Jamaica did. Based on Plaintiff's own allegations, Royal Caribbean—nor any other cruise line or independent shore excursion operator—had any control over the guides who advised tourists as they hiked up Dunn's River Falls. For this reason, Plaintiff has failed to state a claim against Royal Caribbean for negligent selection/retention and Count 3 must be dismissed.

### Count Four: Royal Caribbean's Vicarious Liability

#### 1. Apparent Agency

■ The Court notes from the outset that apparent agency is not independent causes of action, but instead a theory of liability. *See Barabe v. Apax Partners Europe Managers, Ltd.*, 359 Fed.Appx. 82, 84 (11th Cir.2009) (holding that there is no cause of action for "agency"); *Lewis v. City of St. Petersburg*, 260 F.3d 1260 (11th Cir.2001). Nevertheless, when a plaintiff sufficiently pleads an underlying negligence claim against an apparent agent, courts may hold the principal vicariously liable for the agent's negligence.

■ "Apparent agency exists where the alleged principal makes a manifestation that causes a third party to reasonably believe that the alleged agent had the authority to act for the benefit of the principal, and the third party reasonably acts on such belief to his detriment." *Id.* at *9 (citing *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F.Supp.2d 1351, 1357 (S.D.Fla. 2009)). To hold a principal liable for the negligence of either an actual or apparent agent, a plaintiff must "sufficiently allege the elements of [ ] agency in addition to the elements of the underlying negligent act of the agent for which the plaintiff seeks to hold the principal liable." *See Rojas v. Carnival Corp.*, 93 F.Supp.3d 1305, 1311 (S.D.Fla.2015).

■ The Court will assume without deciding that Plaintiff has sufficiently alleged that Royal Caribbean manifested that the guides at Dunn's River Falls were its agents, that Plaintiff reasonably believed the guides were Royal Caribbean's agents, and Plaintiff acted on this belief to his detriment. Despite this assumption, Plaintiff's claim still fails as a matter of law, because he cannot state an underlying negligence claim against the apparent agent.[1] *See, e.g., Fontanez v. Lamberti,*

---

1. A principal cannot be held vicariously liable if a claim for negligence cannot be stated against its purported agent. *See Recreational Design & Const. Inc. v. Wiss, Janney, Elstner Associates, Inc.*, 867 F.Supp.2d 1234, 1240 (S.D.Fla.2011) (citing *Bankers Multiple Line*

*Ins. Co. v. Farish*, 464 So.2d 530, 532 (Fla. 1985)); *see also Galeano v. Fed. Home Loan Mortgage Corp.*, No. 12–61174–CIV, 2012 WL 3613890, at *6 (S.D.Fla. Aug. 21, 2012) (citing *Ostuni v. Meineke Discount Muffler Shops, Inc.*, 948 So.2d 848, 848 (Fla. 4th DCA 2007))

No. 10–61428–CIV, 2011 WL 4499016, at *15 (S.D.Fla. Sept. 27, 2011) (Altonaga, J.) (quoting *Mobil Oil Corp. v. Bransford,* 648 So.2d 119, 121 (Fla.1995)) ("[D]ismissal of any claim against an apparent agent also requires dismissal ... against the apparent principal.... [A]pparent agency is a theory of vicarious liability imputing the acts of the agent to the principal[.] [I]f the agent cannot be held liable, neither can the principal, because there is nothing to impute.).

Because the apparent agent is the Government of Jamaica and not the cruise line's shore excursion provider, Plaintiff can never successfully state an underlying negligence claim against the agent. The Foreign Sovereign Immunities Act of 1976 ("FSIA"), codified at 28 U.S.C. § 1330 and 28 U.S.C. § 1602 et. seq., governs whether Plaintiff could state an underlying negligence claim against the Government of Jamaica or its employees.[2] Under the FSIA, tort claims against foreign states are permitted only where both the injury and tortious act have occurred within the territory of the United States. *See* 28 U.S.C. section 1605(a)(5); *Denegri v. Republic of Chile,* No. CIV. A. 86–3085, 1992 WL 91914, at *2 (D.D.C. Apr. 6, 1992) (citing *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 432, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989)). Because Jamaica and its employees' alleged negligent acts occurred outside the United States, Plaintiff could never state a claim for negligence against Jamaica or its employees. Because Plaintiff can never state an underlying negligence claim against the apparent agent, its claim for vicarious liability against Royal Caribbean

("vicarious liability claim cannot survive if the agent is not liable").

2. If Plaintiff were to argue that the guides themselves were the apparent agents, not the Government of Jamaica, this argument would also fail because the guides were employees of

also fails as a matter of law and must be dismissed.

## IV. Conclusion

For the reasons set forth above, it is **ORDERED AND ADJUDGED** that:

1. Defendant Royal Caribbean's Motion to Dismiss Plaintiff's Amended Complaint (D.E.53), filed January 21, 2016, is **GRANTED IN PART AND DENIED IN PART**; AND

2. Counts 2, 3 and 4 are *dismissed with prejudice.*

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of March, 2016.

a foreign sovereign working in their official capacity. *See Hilsenrath v. Swiss Confederation,* 402 Fed.Appx. 314, 315 (9th Cir.2010) (employees of the Swiss government who were performing government duties in their home country were immune from suit under the Foreign Sovereign Immunities Act).