# Third District Court of Appeal

## State of Florida

Opinion filed October 22, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0479
Lower Tribunal No. 18-354-CA-01
_____


**Natasha Abner, etc.,**
Appellant,

vs.

**Lyft Florida, Inc., etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Gerson & Schwartz, P.A., and Edward S. Schwartz and Philip M. Gerson, for appellant.

Greenberg Traurig, P.A., and Brigid F. Cech Samole, James E. Gillenwater, and Bethany J. M. Pandher; Rumberger, Kirk & Caldwell, P.A., and Douglas E. Ede, Scott M. Sarason and Joshua D. Lerner, for appellees.

Before LOGUE, GORDO and BOKOR, JJ.

LOGUE, J.

Natasha Abner, individually and as Guardian of Dexter Franklin,

appeals from the final summary judgment entered for Lyft Florida, Inc. and Lyft, Inc. d/b/a Lyft Florida, Inc. (collectively, "Lyft"). Abner argues the trial court erred in entering final summary judgment for Lyft on her claims for vicariously liability and negligent hiring and retention of the driver, Rolando Cepero. For the reasons below, we affirm.

**Background**

On July 5, 2017, a car driven by Cepero collided with a motorcycle driven by Dexter Franklin. At the time, Cepero was a driver providing a prearranged ride to a passenger through Lyft's digital platform.

Abner sued Cepero and Lyft. She settled with Cepero. Against Lyft, Abner claimed Cepero acted as Lyft's agent or employee who was therefore vicariously liable for his negligence. Abner also claimed Lyft was negligent in hiring and retaining Cepero.

In its answer, Lyft asserted that Abner's claims were barred by the Transportation Network Companies statute ("TNC statute")—section 627.748, Florida Statutes (2017)—which took effect on July 1, 2017, just a few days before the July 5, 2017 accident. Under section 627.748(2), "[a] TNC or TNC driver is not a common carrier, contract carrier, or motor carrier and does not provide taxicab or for-hire vehicle service."

Lyft moved for summary judgment under the TNC statute. Lyft's motion

2

for summary judgment attached, among other things, the deposition and declaration of Lyft's corporate representative, Paul McCachern. The filings indicated that Cepero became a Lyft driver in November 2016. Prior to allowing Cepero to join Lyft, Lyft conducted a criminal background check and a driving record check on Cepero, and Cepero executed Lyft's Terms of Service Agreement ("TOS Agreement"). Paragraph 10(f) of the TOS Agreement provided that Cepero "will not, while providing [TNC] Services, operate as a public carrier or taxi service, accept[ing] street hails." Further, paragraph 19 of the TOS Agreement provided that Cepero had "complete discretion to provide Services or otherwise engage in other business or employment activities." McCachern's declaration attached a copy of the background and driving report which reflected that Cepero had no violations.

In opposition to Lyft's motion, Abner filed the affidavit of her expert witness, David Klahr. Attached was a passenger complaint that Cepero "drove above the speed limit and seemed to struggle to stay in the lanes. He also did rolling stops and redlights. I felt scared." Also attached was a June 2017 two-star review Lyft received about Cepero from another passenger. Additionally, Abner filed a driver's license check dated August 10, 2018, reflecting that after Cepero was approved by Lyft, he received a citation for speeding on January 6, 2017, and a citation for criminal reckless driving on

3

January 26, 2017. Abner also argued that the TNC statute was not applicable because it was not in effect when Lyft approved Cepero as a TNC driver in November 2016.

The trial court entered a final judgment for Lyft. Abner's timely appeal followed.

## ANALYSIS

### A. Standards of Review

A trial court's entry of final summary judgment is reviewed de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). A trial court's interpretation of a statute is also reviewed de novo. See Duffner Fam. 2012 Irrevocable Tr. v. Lee R. Duffner Revocable Living Tr., 394 So. 3d 236, 239 (Fla. 3d DCA 2024). Finally, "the determination of whether a duty is owed presents a question of law to be determined by the court." Grieco v. Daiho Sangyo, Inc., 344 So. 3d 11, 22 (Fla. 4th DCA 2022).

### B. Vicarious Liability

Abner maintains that Lyft is vicariously liable for Cepero's negligence because Cepero served as Lyft's agent and employee at the time of the accident. The doctrine of "vicarious liability is an indirect liability" where "liability is based solely on the legal imputation of responsibility for another party's tortious acts." Armiger v. Associated Outdoor Clubs, Inc., 48 So. 3d

4

864, 874 (Fla. 2d DCA 2010). Lyft responds by maintaining that Cepero served as an independent contractor. "Generally, the employer of an independent contractor is not liable for the negligence of the independent contractor because the employer has no control over the manner in which the work is done." Stander v. Dispoz-O-Prods., Inc., 973 So. 2d 603, 604 (Fla. 4th DCA 2008) (quoting Suarez v. Gonzalez, 820 So. 2d 342, 344 (Fla. 4th DCA 2002)). In asserting Cepero was an independent contractor, Lyft relies on the TNC statute, which provides that "[a] TNC driver is an independent contractor and not an employee of the TNC" if certain conditions are met. § 627.748(9), Fla. Stat. (2017).

Abner first argues that the TNC statute should not apply because, although the statute was in effect at the time of the accident, it was not in effect at the time that Cepero first became a Lyft driver. We apply the law in effect at the time the cause of action accrued. See R.J. Reynolds Tobacco Co. v. Sheffield, 266 So. 3d 1230, 1233 (Fla. 5th DCA 2019) ("In the absence of express statutory language to the contrary, Florida law generally holds that the applicable version of a statute is the version in effect at the time a cause of action accrues."). Because the cause of action accrued on the date of the accident, and the statute reflected the law of Florida on that date, we conclude the TNC statute governs this case.

5

Abner next responds that even if section 627.748 applies, Cepero failed to qualify as an independent contractor under the statute. Section 627.748(9) provides that "[a] TNC driver is an independent contractor and not an employee of the TNC" if four conditions are met:

> (a) The TNC does not unilaterally prescribe specific hours during which the TNC driver must be logged on to the TNC's digital network.
>
> (b) The TNC does not prohibit the TNC driver from using digital networks from other TNCs.
>
> (c) The TNC does not restrict the TNC driver from engaging in any other occupation or business.
>
> (d) The TNC and TNC driver agree in writing that the TNC driver is an independent contractor with respect to the TNC.

§ 627.748(9)(a)-(d), Fla. Stat. (2017).

Abner contends that the TOS Agreement restricts Cepero "from engaging in any other occupation or business" as prohibited in subsection (9)(c). In making this argument, Abner relies on paragraph 10(f) of the TOS Agreement, which provides:

> By providing Services as a Driver on the Lyft Platform, you represent, warrant, and agree that:
>
> . . . .
>
> f. You will not, while providing the Services, operate as a public carrier or taxi service, accept street hails, . . . or engage in any other activity in a

6

> manner that is inconsistent with your obligations under this Agreement.

We disagree with Abner's reading of the TOS Agreement. The agreement did not generally prohibit Cepero from "engaging in any other occupation or business." It merely limited Cepero's activities while actively providing services as a TNC driver on the Lyft Platform. As a result, when Cepero was not providing services as a driver on the Lyft Platform, he was free to "engag[e] in any other occupation or business."

Moreover, Abner's interpretation conflicts with paragraph 19 of the TOS Agreement which provides that Cepero has "complete discretion to provide Services or otherwise engage in other business or employment activities." See McGillis v. Dep't of Econ. Opportunity, 210 So. 3d 220, 225-26 (Fla. 3d DCA 2017) (holding that a TNC or ridesharing company was not the employer of the ridesharing drivers using its platform because the drivers controlled when they worked, whether they accepted a request for a ride, supplied their own vehicles, were not subject to the supervision of the company, and remained free to accept rides using the platform of the company's direct competitors). Because the conditions set forth in subsection (9)(c) were met, Cepero was an independent contractor at the time of the accident. And, "[g]enerally, the employer of an independent contractor is not liable for the negligence of the independent contractor[.]"

7

<u>Stander</u>, 973 So. 2d at 604 (quoting <u>Suarez</u>, 820 So. 2d at 344). Therefore, the trial court properly granted summary judgment on Abner's vicarious liability claim.

### C. Negligent Hiring and Retention

Abner next contends that, even if Cepero were an independent contractor, Lyft is liable based on its own negligence in hiring and retaining Cepero. In so arguing, Abner points to evidence in the summary judgment record regarding the passenger complaints against Cepero and his citations for driving violations.

As mentioned above, a principal is not vicariously liable for the injury caused by the negligence of an independent contractor. This is because the party that retained an independent contractor has no control over the way the work is done. Unlike vicarious liability, however, a claim of negligent hiring is based on the principal's own negligence in the chain of events leading to the accident. The facts of this case do not present an adequate basis to explore the existence or parameters of this cause of action.

We first note that Lyft did not violate the provisions of the TNC statute governing a TNC's investigation of its drivers. The extent of the investigation is set out in section 627.748(11)(d)1.b., which provides among other things:

> (d) The TNC may not authorize an individual to act as a TNC driver on its digital network if the

8

background check conducted when the individual first seeks access to the digital network <u>or any subsequent background check</u> required under paragraph (b) reveals that the individual:

1. Has been <u>convicted</u>, within the past 5 years, of:

. . . .

b. A misdemeanor . . . for reckless driving[.]

(emphases added).[1] Here, Cepero's citation for reckless driving would not have disqualified Cepero as a TNC driver because section 627.748(11)(d)1. refers to convictions, not citations. Moreover, a single moving violation would not disqualify Cepero from driving as a Lyft driver because the TNC statute requires "more than three moving violations in the prior 3-year period." § 627.748(11)(c), Fla. Stat.

In fact, Abner's evidence of negligent hiring and retention is so sparse that it would fail to create an issue of fact under any reasonable construction of a TNC's duty to a third party. As mentioned above, Cepero's sole alleged traffic infraction relied on by Abner is a citation – not a conviction. Abner also cites to two negative complaints Lyft received about Cepero out of hundreds of Lyft rides he provided: (1) a two-star review, and (2) the negative feedback

---

[1] Section 627.748(11)(b) provides: "The TNC shall conduct the background check required under paragraph (a) for a TNC driver every 3 years." Further subsection (11)(a) pertains to the initial national criminal background check and the driving history search that must be conducted "[b]efore an individual is authorized to accept a ride request through a digital network[.]"

9

from the passenger who felt scared based on specific complaints about Cepero's driving. The two-star review is not sufficient because it provided no information as to why the passenger gave Cepero a two-star review. The two-star review may have been unrelated to Cepero's driving. As to the negative feedback from the passenger who felt scared, this was a single isolated complaint.

Given the patent insufficiency of the evidence offered by Abner, we do not need to delve into an extended examination of the existence or exact parameters of a common law cause of action for negligent hiring of an independent contractor particularly as it might be modified by the TNC statute. A discussion of those issues must await a fact pattern in which those issues are presented for determination. "[I]f it is not necessary to decide more, it is necessary not to decide more." PDK Labs. Inc. v. United States Drug Enf't Admin., 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment) (recognizing the cardinal principle of judicial restraint).

In sum, because the inconclusive evidence offered by Abner would not meet Abner's burden of proof at trial sufficient to survive a directed verdict, it cannot survive a motion for summary judgment. CG Tides LLC v. SHEDDF3 VNB, LLC, 388 So. 3d 1081, 1084 (Fla. 3d DCA 2024) ("Properly understood,

10

summary judgment is akin to a pre-trial directed verdict."); <u>In re Amends. to Fla. R. of Civ. Proc. 1.510</u>, 317 So. 3d 72, 75 (Fla. 2021) (recognizing "the fundamental similarity between the summary judgment standard and the directed verdict standard").

## CONCLUSION

Based on the above analysis, we affirm the trial court's order granting summary judgment for Lyft.

Affirmed.